SWANN, Judge.
These appeals were consolidated for oral argument and we have treated them together for the purpose of this opinion.
The essential facts are that the appellants were all charged with robbery in the trial court and pleaded not guilty before September 1, 1967. They were all tried by jury after September 1, 1967. After September 1, 1967, -but prior to their trials, they challenged their jury panels on the grounds that they had not been selected in accordance with Fla.Stat. § 40.01 (1967), F.S.A. The trial court denied their challenges to the jury and the appellants were tried, convicted' and sentenced. They now appeal.
It is admitted that veniremen from which their trial jurors were accepted were chosen in accordance with the predecessor statute of Fla.Stat. § 40.01 (1967), F.S.A.
Prior to September 1, 1967, Fla.Stat. § 40.01, F.S.A. had provided “that the name *247 of no female person shall be taken for jury service” unless she had registered her desire to he placed on the jury list with the Clerk of the Circuit Court. Only women who volunteered, served as petit jurors. The constitutionality of this statute was upheld in Hall v. State, 136 Fla. 644, 187 So. 392 (1939). See also Hoyt v. Florida, 368 U.S. 57, 82 S.Ct. 159, 7 L.Ed.2d 118 (1961).
Fla.Stat. § 40.01 (1967), F.S.A., effective September 1, 1967, provides:
“(1) Grand and petit jurors shall be taken from the male and female persons over the age of twenty-one years, who are citizens of this state and who have resided in this state for one year and in their respective counties for six months and who are fully qualified electors of their respective counties; provided, however, that expectant mothers and mothers with children under eighteen years of age, upon their request, shall be exempted from grand and petit jury duty.”

Fla.Stat. § 40.01 (1967), F.S.A., however, must be considered in pari ma-teria with the other provisions of Fla.Stat. Chapter 40, F.S.A. There is no mandatory requirement in the chapter that women actually serve on a particular jury. Fla. Stat. § 40.01 (1967), F.S.A. serves merely to prescribe the qualifications and disqualifications for the selection and listing of prospective jurors on all jury lists drawn by the jury commissioners on or after September 1, 1967. Under Fla.Stat. § 40.11 (1967), F.S.A. the completion and certification of the annual jury list by the jury commissioners is not mandatory prior to June of each year unless a special list is ordered by a circuit judge of the proper county.
Fla.Stat. § 40.11 (1967), F.S.A. further provides that:
* * * * * *
“ * * * Said list so certified and approved, although it may be defective or irregular in form, certification, approval or other formal requirement, or in the number or qualification of the persons so named, shall be the basis for copying the listed names on separate pieces of paper to be deposited and preserved in the box whence the names of persons for jury duty are to be drawn as prescribed by law. It shall not affect the validity of such list or any listed or copied name if there should be any error or irregularity in either, each person so procured or listed as a juror being presumed to be the one intended to be listed as a juror. sfc * * »
******
The veniremen in the cases sub judice, were selected and drawn in accordance with Fla.Stat. § 40.01 (1965), F.S.A. which was in effect when the petit jury list was selected and certified by the jury commissioners. See Thompson v. State, 52 Fla. 113, 41 So. 899 (1906).
Under the old statute, women might have volunteered to serve as veniremen and might have served on the jury panel. There was no prejudice, or reversal error, if they were not on the trial jury. See Bacom v. State, Fla.1949, 39 So.2d 794, cert. denied 338 U.S. 835, 70 S.Ct. 41, 94 L.Ed. 510 (1949); Hall v. State, supra. No violation of Fla.Stat. § 40.01, F.S.A. and the pertinent parts of Chapter 40, Fla.Stat., F.S.A. has been shown, and no prejudice or substantial injury to these appellants by their trial jury panels has been proven.
The judgments of conviction and sentences herein appealed be and the same are, therefore,
Affirmed.