PER CURIAM.
The appellant Joseph Nelson and one Willie Lee Bryson were charged by information with the crime of robbery. They were tried before a jury and convicted. Each was sentenced to confinement for a period of 30 years. Through the public defender as their counsel they appealed, contending the trial court had erred in denying their challenge of the jury panel on the ground that the jurors had not been selected in accordance with § 40.01 Fla. Stat., F.S.A. That appeal resulted in af-firmance of the judgments and sentences. See Bryson v. State, Fla.App.1968, 211 So. 2d 246.
Thereafter this appellant Nelson filed a motion for relief under Criminal Procedure Rule 1.850, 33 F.S.A., contending he had been deprived of due process and a fair trial because of failure of the trial court to grant his timely request for severance and separate trial. That claimed error had not been assigned and argued on his earlier appeal.
A contention that the trial court erred in denying a motion for severance is not an appropriate ground for seeking relief by a post trial motion under Rule 1.850 CrPR. Robinson v. State, Fla.App. 1967, 194 So.2d 29. Although recognizing that principle in Reddick v. State, Fla.App. 1966, 190 So.2d 340, the court departed from it in that case because an exceptional situation was presented. In the Reddick case, in which the trial court had denied motions for severance, there were three defendants. Reddick pleaded guilty. The other two were tried and convicted. The latter appealed, and won reversal on the *534 ground that the court had erred in denying severance. Reddick then filed his post trial motion for relief on the same ground. The appellate court held that the motion was entitled to consideration and that Reddick was entitled to relief thereunder in the form of a new trial, in order to avoid apparent injustice to him from which otherwise he was without means to seek relief.
No such extraordinary situation is presented here. Nor is this a case in which the movant is seeking to raise by post trial motion a ground reserved for appeal, after having been thwarted in the taking of a timely appeal.
Moreover, at the evidentiary hearing on the post'trial motion no evidence was presented on behalf of the movant to show whereby the challenged ruling was error. Nor is that ruling revealed by the record to have been an abuse of discretion by the trial court in the circumstances of this case.
Affirmed.