237 So.2d 268 (1970)
Henry ROBINSON, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 69-462.
District Court of Appeal of Florida, Fourth District.
June 29, 1970.
*269 Walter N. Colbath, Jr., Public Defender, and Norman J. Kapner, Asst. Public Defender, West Palm Beach, for appellant.
Earl Faircloth, Atty. Gen., Tallahassee, and Charles W. Musgrove, Asst. Atty. Gen., West Palm Beach, for appellee.
OWEN, Judge.
Appellant was indicted for rape. A jury found him guilty of assault with intent to commit rape and he appeals from the judgment entered thereon.
The victim of the assault reported the alleged rape to the sheriff's department within a matter of minutes after its occurrence. An alert was immediately broadcast giving a description of appellant and the automobile which he was driving. Within less than an hour the police spotted appellant's car and proceeded to stop the car and detain appellant at that point, some 20 miles from where the alleged attack occurred. A deputy sheriff immediately brought the victim and her husband to the place where appellant was being detained and upon their arrival, both the victim and her husband identified appellant as the perpetrator of the crime.
The sole point raised on appeal is whether the court erred in allowing the deputy sheriff (who drove the victim and her husband to the place where appellant was being detained) to testify over defendant's objection as to the identification made by the prosecutrix at the time. Appellant contends that for the court to have allowed such testimony without a showing that defendant had been afforded the protection of a proper line-up substantially prejudiced appellant's rights. We find this point to be without merit for any one of the several reasons which we briefly discuss below.
Initially, it should be noted that there was never an issue of identification in this case. Appellant, with three male passengers in the car, was driving through West Palm Beach at approximately 9:00 p.m., when he stopped to pick up the victim together with her husband and another male companion, all of whom were hitchhiking. Although the hitchhikers had never seen appellant before, they rode in the car with him for some 30 to 45 minutes before he finally turned off the paved road into an isolated wooded area where he stopped and ordered the hitchhikers out of the car. During the ride and the events occurring immediately after getting out of the car, the hitchhikers were in close proximity to appellant with ample opportunity to observe his appearance. Ensuing events caused the hitchhikers to become frightened and the three of them attempted to flee on foot but became separated in the darkness. The woman testified that ultimately appellant found her and raped her. Her husband testified that when he heard his wife scream he was able to locate her and as he ran to where she was, he found her partially disrobed and the appellant running from the scene. The other hitchhiker, as well as one of the passengers who was in the car at the time the hitchhikers were picked up, identified appellant as the driver of the car and corroborated the details of driving to the isolated wooded area. Appellant elected to testify and admitted that he was the driver of the car which had picked up the woman and her two companions, and that he had driven to the wooded area where the hitchhikers got out of the car and ran away. He denied, however, that he had either assaulted the victim or had any sexual relations with her and insisted that he and his companions drove away from the wooded area without the hitchhikers because they could not be found. Appellant's identity as the driver of the car which picked up the hitchhikers could not possibly have been disputed. The issue was not identity, but whether appellant had assaulted the victim (as she claimed) or whether he had not (as appellant claimed).
*270 Secondly, even if identity of appellant could be said to have been a material issue, the record before us is such (including the prosecutrix' detailed testimony of her encounter with appellant, the substance of which we have not set out in this opinion) that it is clear that the prosecutrix in-court identification of appellant had a source wholly independent of the field identification which the prosecutrix made shortly after appellant was initially arrested. Anderson v. State, Fla.App. 1968, 215 So.2d 618.
Thirdly, both the prosecutrix and her husband each made an in-court identification of appellant without objection, and each testified, again without objection, that the prosecutrix made the field identification of appellant. With this evidence already before the jury without objection, the evidence to which the objection was directed was nothing more than the law enforcement officer's corroboration of the fact that such extra-judicial identification had been made and was admissible for that purpose. Willis v. State, Fla. 1968, 217 So.2d 106.
Finally, it is now established in this jurisdiction that the constitutional right to counsel at the time of a line-up identification as recognized in United States v. Wade, 1967, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 and Gilbert v. California, 1967, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 applies only to post indictment lineup situations. Perkins v. State, Fla. 1969, 228 So.2d 382. The federal courts have held that the constitutional right to counsel does not require the presence of counsel to field identifications made under circumstances similar to those of this case. See United States ex rel. Rutherford v. Deegan, 2d Cir.1969, 406 F.2d 217 and Russell v. United States, 1969, 133 U.S. App.D.C. 77, 408 F.2d 1280.
Affirmed.
CROSS, C.J., and McCAIN, J., concur.