281 So.2d 49 (1973)
Joseph NELSON, Appellant,
v.
The STATE of Florida, Appellee.
No. 72-934.
District Court of Appeal of Florida, Third District.
July 31, 1973.
Phillip A. Hubbart, Public Defender and Steven Lipton, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Joel D. Rosenblatt, Asst. Atty. Gen., and Linda C. Hertz, Legal Intern, for appellee.
Before CHARLES CARROLL and HAVERFIELD, JJ., and SPECTOR, SAM, Associate Judge.
PER CURIAM.
This is an appeal from an order of the criminal court of record of Dade County denying the appellant's fourth motion filed under Rule 3.850 CrPR, 33 F.S.A., for relief from a 1967 judgment of conviction for robbery.
A direct appeal was taken by the defendant from the judgment of conviction, and this court affirmed (211 So.2d 246). The first post conviction motion for relief was denied after an evidentiary hearing. On *50 appeal that order was affirmed (227 So.2d 533). Second and third motions for relief filed by the appellant were denied, and no appeal taken. The present motion for relief was summarily denied.
The grounds presented in this motion were six in number. First, that evidence submitted at trial as to identification should have been excluded because tainted by a suggestive line-up. That ground presented no basis for relief from the conviction. The line-up occurred prior to the filing of the information upon which the appellant was tried. Robinson v. State, Fla.App. 1970, 237 So.2d 268. The federal cases relied on by the appellant[1] were therefore inapplicable, and, moreover, they would not apply retroactively to this earlier trial and conviction.[2] Second, it was contended the appellant was deprived of a fair trial because of failure of his appointed counsel to summon and present certain witnesses. In absence of some exceptional circumstances, which do not appear here, the matter was one of judgment or strategy for the attorney handling the defendant's case.[3] Third was a contention relating to the trial of the appellant with a codefendant rather than by severance and separate trial. That point was made and rejected on the first motion for relief.[4] The appellant's fourth contention on the present motion was raised and denied by an order which this court affirmed. See 227 So.2d 533. As a fifth ground the appellant contended he should have a new trial because the judge who ruled on his third motion under Rule 3.850 was the same person as the then assistant state attorney who had signed the information in 1967. The trial court properly held that contention was without merit. As a sixth ground of the motion for relief the appellant seeks to have this court reconsider and rule differently on his contention of improper jury selection, which was passed upon by this court adversely to the appellant on his direct appeal from the judgment of conviction. That ground was not proper to be presented in the current motion for relief.
On consideration of the foregoing in the light of the record and briefs, we hold no reason at law has been shown to disturb the order of the trial court which denied the appellant's fourth motion for relief.
Affirmed.
NOTES
[1] United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149; Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178.
[2] Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199.
[3] Simpson v. State, Fla.App. 1964, 164 So.2d 224.
[4] Whitney v. State, Fla.App. 1966, 184 So.2d 207; Chisholm v. State, Fla.App. 1971, 247 So.2d 93.