338 So.2d 546 (1976)
Roberto SUAREZ, Appellant,
v.
The STATE of Florida, Appellee.
Nos. 75-1547, 75-1623.
District Court of Appeal of Florida, Third District.
October 12, 1976.
Ellis S. Rubin and Eliot R. Weitzman, Miami, for appellant.
Robert L. Shevin, Atty. Gen., and Ira N. Loewy, Asst. Atty. Gen., for appellee.
Before BARKDULL, C.J., and PEARSON and NATHAN, JJ.
PER CURIAM.
These consolidated appeals are taken by Roberto Suarez, the defendant, from an order of the trial court denying a motion for relief pursuant to Rule 3.850, Fla.R.Crim.P.
Suarez was charged by indictment with murder in the first degree. He was tried by jury, found guilty of murder in the second degree, convicted of murder in the second degree and sentenced to twenty five years in the state penitentiary. On appeal to this court, his conviction was affirmed.
The thrust of the Rule 3.850 motion to vacate judgment and sentence, the subject of this appeal, is that Suarez was denied effective representation of counsel due to the failure of his trial attorney "... to call a vital Defense Witness and to secure a Police Report in connection with said witness' testimony..." This witness, contends the defendant, could have testified as to the victim's reputation in the community as a violent person, thereby supporting a defense of self defense.
It is reflected in the record of the trial proceedings as well as in the court's findings in the order denying the Rule 3.850 motion, that defendant Suarez had private counsel throughout the entire trial of the cause. We agree with the court's conclusion that the allegations in the motion are not sufficient to entitle the defendant to an evidentiary hearing. Absent extraordinary circumstances, failure of counsel to call a witness is not a ground for collateral attack. Swindle v. State, 202 So.2d 132 (Fla. 3rd DCA 1967); Nelson v. State, 281 So.2d 49 (Fla. 3rd DCA 1973). The record sub judice fails to demonstrate extraordinary circumstances.
In addition, as a general rule, a defendant may not contest the competency of *547 privately retained counsel. Everett v. State, 161 So.2d 714 (Fla. 3rd DCA 1964); Cappetta v. Wainwright, 203 So.2d 609 (Fla. 1967); Dickenson v. State, 261 So.2d 561 (Fla. 3rd DCA 1972).
Affirmed.