BERANEK, Judge.
This is an appeal by the defendant from a conviction and life sentence for armed' robbery. We reverse and remand for a new trial. Defendant was 15 years old when arrested and charged with first degree mur *893 der and armed robbery. He was transferred to the adult division and tried before a jury. Defendant was found not guilty of the murder charge but guilty of armed robbery.
On appeal defendant raises two issues. It is initially asserted that the trial court erred in denying a motion to suppress evidence concerning a line-up identification. We conclude that appellant has failed to demonstrate reversible error in this regard since identification testimony was based upon observation independent of the lineup. See Wilson v. State, 265 So.2d 411 (Fla. 4th DCA 1972). Defendant’s second point relates to a restriction of cross-examination of State witnesses regarding defendant’s identification.
The facts are that a bar was robbed by two black males in the presence of approximately 17 witnesses. During the course of the robbery, one of the owners of the bar had a heart attack and subsequently died. At trial the State called four of the eye-witnesses. Each of these witnesses was asked for his or her description of the robbery. These witnesses testified to the general appearance of the two robbers. The witnesses were asked to describe the mechanics of the robbery, how the guns were held, the physical actions of the participants, and other details. The physical description of one of the robbers by three of the witnesses was generally consistent with defendant’s appearance. Out of the four eye-witnesses, three of them did not specifically identify defendant at trial. One State witness did identify the defendant and this witness testified that he had also identified the defendant in pre-trial identification procedures.
On cross-examination of all four of these State witnesses, defendant attempted to inquire of each of them regarding prior live and photo line-ups. The state objected to the cross-examination on the grounds that it exceeded the scope of the direct testimony of these witnesses because they had not specifically identified defendant. This objection was sustained as to three witnesses and defendant proffered testimony showing that these witnesses had not identified the defendant when shown various line-ups and that they had instead identified another person not charged in the crime. The trial court excluded all of this cross-examination from the jury’s consideration.
Curtailment of a defendant’s right to cross-examination of State witnesses is a power to be used sparingly. In Coco v. State, 62 So.2d 892 (Fla.1953), the Florida Supreme Court noted that a fair and full cross-examination of a witness upon “the subjects opened by the direct examination is an absolute right, as distinguished from a privilege.” The Court noted that such cross-examination was based on the constitutional right to confront one’s accusers. This right extends to “all matters that may modify, supplement, contradict, rebut, or make clearer the facts testified to in chief.” Coco, supra, at 895. The Court recently reaffirmed the Coco decision in Coxwell v. State, 361 So.2d 148 (Fla.1978), wherein the Court noted that the right to full cross-examination was an “absolute and fundamental right.” Suffice it to say that rulings which limit a defendant’s cross-examination of necessary State witnesses are subject to close appellate scrutiny.
Here the defendant sought to have the jury advised that the same witnesses called by the State in support of its case had been unable to identify the defendant in prior line-ups, or had, in fact, identified some other individual. Three of the witnesses, while not actually identifying defendant at trial gave detailed descriptions which purpose was to bolster the identification by the fourth witness. This testimony had the practical effect of pointing a finger at defendant. The defendant himself took the stand and denied being involved in the robbery so it cannot be said that identity was not an issue. Robinson v. State, 237 So.2d 268 (Fla. 4th DCA 1970), is thus inapplicable.
We conclude that the Court below erred in unduly restricting defendant’s cross-examination of State witnesses regarding pri- or line-up misidentification. The judgment *894 and conviction is thus reversed and remanded for a new trial.
REVERSED AND REMANDED.
ANSTEAD, J., and SIMONS, STUART M., Associate Judge, concur.