## STATE OF FLORIDA v ASHCRAFT
### Case No. 83-11898
Thirteenth Judicial Circuit, Hillsborough County
January 29, 1987

### APPEARANCES OF COUNSEL

**Edward Page,** Assistant State Attorney, for plaintiff.
**Robert J. Simms,** court-appointed counsel, for defendant.
**Raybun Stone,** Assistant Public Defender, for defendant.

### OPINION OF THE COURT

MANUEL MENENDEZ, JR., Circuit Judge.

### *ORDER DENYING DEFENDANT'S MOTION FOR POST CONVICTION RELIEF*

The Defendant has moved for Post-Conviction Relief under Rule

3.850, Fla.R.Crim.P. The court, after having reviewed the allegations contained in Defendant's motion, appointed counsel Robert James Simms, Esquire, to represent Defendant in his request for post-conviction relief. The court then held an evidentiary hearing and heard the testimony of C. J. McDonald, Raybun (Ray) Stone, Craig Aldridge, and the Defendant. The court also reviewed the transcript of Defendant's trial as well as the pleadings and memoranda filed by the parties, the court has further had the benefit of having heard argument of counsel, as well as legal argument presented by the Defendant himself. The court being otherwise fully advised upon the premises, finds as follows:

The Defendant raised a single ground in his Rule 3.850 motion, to-wit: the alleged ineffective assistance of trial counsel, Ray Stone. In his motion Defendant set out certain specific acts or omissions upon which this claim was based. Attorney Simms then filed an addendum to the Motion for Post-Conviction Relief, setting out additional acts or omissions.

The burden of proof herein requires the Defendant to demonstrate the complained of act or omission was a substantial and serious deficiency measurably below the standard of performance expected of a competent attorney. *State v. Bucherie*, 468 So.2d 229, 230 (Fla. 1985). Moreover, the Defendant "has the burden to show that this specific, serious deficiency, when considered under the circumstances of the individual case, was substantial enough to demonstrate a prejudice to the Defendant to the extent that there is a likelihood that the deficient conduct affected the outcome of the court proceedings" *Id* That is, Defendant must show both that counsel's performance was deficient *and that* the deficient performance prejudiced the defense. The measure *of counsel's* performance being "reasonableness under prevailing professional norms, reasonableness considering all the circumstances." *Downs v. State*, 453 So.2d 1102, 1106-7 (Fla. 1984). Where, as in the instant case, a Defendant challenges a conviction, the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Strickland v. Washington*, — U.S. —, —, 104 S. Ct. 2052, 2069 (1984).

It is patently obvious that Defendant was and is displeased with the assignment of Mr. Stone as his public defender. The defendant, in essence, now asserts that Mr. Stone did nothing to represent the Defendant. Any contention by Defendant that he was *never* interviewed by defense counsel is however belied by the credible testimony of defense attorneys Ray Stone and Craig Aldridge (both assistant

123

public defenders at one time assigned to represent the Defendant herein). Depositions of various potential witnesses were taken, as evidenced by the transcripts in the file. The Defendant was interviewed and the charges were reviewed. Discussions were had with the Defendant concerning the possibility of plea bargaining as well as seeking a continuance of trial so as to allow greater time for preparation. At Defendant's instance however, no continuance was sought and the case proceeded to trial, wherein the Defendant was convicted of sexual battery.

Defendant's major argument concerns counsel's failure to call certain witnesses, to-wit: C. J. McDonald, probation officer Johnson, and Barry McGuire & Family. Defendant asserts that he was mistakenly identified at trial by Ms. Mutz, the victim of the sexual battery, and that this mistaken identification could have been established by C. J. McDonald and probation officer Johnson. These witnesses, according to the Defenant could have established that 6 days prior to the crime the Defendant was clean shaven (Ms. Mutz having previously indicated that her assailant was bearded). The testimony of Barry McGuire & Family was to establish an alibi for the Defendant.

Alibi, however, does not appear to have been a viable issue herein. The Defendant, while denying his involvement in the sexual battery, nevertheless admitted being present at the crime scene. Circumstantial evidence also went towards establishing the Defendant's guilt. Furthermore, the Defendant, in a letter written subsequent to trial has admitted his guilt.

Ms. Mutz's identification of Defendant at trial was only tentative, i.e., that the Defendant looked similar to her assailant. The testimony of C. J. McDonald would have, at best established that as a policy, inmates at Defendant's work release center were required to be clean shaven, but that "mistakes" were sometimes made as to this no facial hair policy. Also, the Defendant who did testify at trial never raised this issue of the presence *vel non* of facial hair. The testimony that might have been provided by probation officer Johnson is speculative at best.

Even if Defendant had specifically communicated to defense counsel his desire to call these witnesses, absent extraordinary circumstances, counsel's failure to do so is not a valid ground for collateral attack. *Suarez v. State*, 338 So.2d 546 (Fla. 3d DCA 1976). The decision as to whether to call witnesses is one of judgment and strategy for defense counsel. *Nelson v. State,* 281 So.2d 49, 50 (Fla. 3d DCA 1973). The Defendant has failed to meet his burden of showing "extraordinary circumstances" so as to allow collateral attack herein.

124

Also argued in support of Defendant's 3.850 motion was defense counsel's failure to obtain a pretrial lineup. This was raised in the addendum to motion for post-conviction relief filed on Defendant's behalf by court-appointed counsel Robert James Simms. At the evidentiary hearing herein trial counsel, Ray Stone, testified that he considered and rejected the idea of requesting a pretrial lineup. As previously noted counsel felt that a pretrial lineup might re-enforce an identification by the victim. The victim merely tentatively identified Defendant at trial as one who looked similar to her assailant. No showing of deficiency performance by trial counsel or prejudice to the defendant has been shown in this regard.

Defendant's addendum to his motion for post conviction relief also complains of trial counsel's allegedly failing to adequately prepare defendant for cross-examination. The specific area where he claims to have been unprepared was as to his prior record of convictions. One of these convictions (for another sexual battery) having occurred just prior to the trial herein. Again defendant has failed to demonstrate that trial counsel's performance was deficient or that he suffered any prejudice from this alleged deficient performance.

All other aspects of defendant's claim of ineffective assistance of counsel are likewise without merit. Accordingly, defendant's Motion for Post Conviction Relief is hereby denied.

ORDERED AND ADJUDGED at Tampa, Hillsborough County, Florida, this 29th day of January, 1987.