PER CURIAM.
Defendant appeals from the summary denial of his motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850. We reverse and remand.
In his motion, defendant claimed he provided trial counsel with the names and addresses of two potential alibi witnesses. Defense counsel allegedly failed to contact these witnesses, and failed to investigate the circumstances of the burglary. If defendant’s allegations are true, the trial counsel’s failure to investigate two potential alibi witnesses might constitute a substantial omission by defense counsel, and appellant might therefore be entitled to relief. Knight v. State, 394 So.2d 997 (Fla. 1981). The trial court, however, failed to conduct an evidentiary hearing or attach portions of the record which refute the allegations.
Accordingly, the trial court’s denial of defendant’s motion is reversed and the case is remanded to the trial court. On remand, the trial court may either again summarily deny the motion and attach to its order those portions of the record which conclusively show that appellant is not entitled to relief, or hold an evidentiary hearing and then rule on the allegations presented in the motion. Halpin v. State, 428 So.2d 703 (Fla. 2d DCA 1983).
OTT, C.J., and DANAHY and CAMPBELL, JJ., concur.