DAUKSCH, Judge.
This is an appeal from an order summarily denying a motion for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. The motion was *989 based on a claim of ineffective assistance of counsel resulting from inadequate pretrial investigation. Appellant alleged that his attorney consulted with him only three times for a total of fifteen minutes before trial. Appellant further alleged his attorney had not prepared for trial because he expected appellant to plead guilty. Appellant also listed the names of seven potential alibi witnesses who allegedly were not interviewed before trial even though his attorney had knowledge of the possible alibi defense and the names of these witnesses. The trial court denied the 3.850 motion on the ground that it did not show a causal relationship between the attorney’s failure to obtain testimony at trial and defendant’s conviction.
The appellant’s motion, while not listing the complete names of the potential witnesses or their addresses, did describe briefly how their testimony would have supported his claim of alibi. The appellant also alleged that the victims’ identification of appellant as the assailant presented a credibility question because the assailant was masked. If this allegation is true the failure by appellant’s attorney to investigate a possible alibi defense would be a serious omission. Although the allegations in appellant’s motion could have been more specific, the motion is sufficient on its face. See Williams v. State, 447 So.2d 442 (Fla. 5th DCA 1984). Therefore, we reverse the order denying appellant’s motion. On remand, the trial court in accordance with Fla.R.Crim.P. 3.850 will either attach the appropriate portions of the record conclusively showing that appellant is entitled to no relief or conduct an evidentiary hearing.
REVERSED and REMANDED.
SHARP, J., concurs.
COBB, C.J., concurs specially with opinion.