484 So.2d 1239 (1986)
Roy A. HARICH, Appellant,
v.
STATE of Florida, Appellee.
No. 68475.
Supreme Court of Florida.
March 18, 1986.
Larry Helm Spalding, Capital Collateral Representative and Michael A. Mello, Asst. Capital Collateral Representative, Office of *1240 Capital Collateral Representative, Tallahassee and Jonathan F. Horn of Kaye, Scholer, Fierman, Hays and Handler, New York City, for appellant.
Jim Smith, Atty. Gen. and Sean Daly, Asst. Atty. Gen., Daytona Beach, for appellee.
PER CURIAM.
Roy A. Harich, who is under sentence of death, seeks a stay of execution and appeals from the denial of his motion for post-conviction relief under Florida Rule of Criminal Procedure 3.850. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const. This Court affirmed appellant's conviction in Harich v. State, 437 So.2d 1082 (Fla. 1983), cert. denied, 465 U.S. 1051, 104 S.Ct. 1329, 79 L.Ed.2d 724 (1984), and denied habeas corpus relief in Harich v. Wainwright, 484 So.2d 1237 (Fla. 1986).
Harich raises eight claims for relief in this 3.850 motion. The trial court denied relief without an evidentiary hearing. We find that all but two of Harich's claims either were raised or could have been raised in his appeal on the merits, and are, therefore, not properly subject to review in a 3.850 proceeding. See O'Callaghan v. State, 461 So.2d 1354 (Fla. 1984), and cases cited therein.
The two issues properly before this Court concern allegations of ineffective assistance of trial counsel. In the first of these claims, Harich contends that "trial counsel ineffectively prepared for the asserted alternative voluntary intoxication defense and the effect on guilt-innocence and sentencing was devastatingly prejudicial in violation of the sixth, eighth, fourteenth amendments." In the second claim, Harich asserts that "trial counsel unreasonably failed to investigate facts rebutting statutory aggravating circumstances and to investigate and present the mitigating testimony of any family members, preachers, teachers, friends, and others, all of whom were willing to testify." As part of this claim, Harich contends that trial counsel failed to contact his family members and ask them to testify in the sentencing hearing, and sets forth, in affidavit form, evidence that trial counsel could have presented in that phase of the trial.
The trial court determined that Harich's claim regarding trial counsel's failure to prepare for the voluntary intoxication defense is not properly presented on a 3.850 motion because it could have been raised on direct appeal. In denying an evidentiary hearing on Harich's second claim, the trial court found that the allegations were "conclusions of the pleader" and an attack on trial counsel's "tactical choice and strategy." The trial court concluded that "trial counsel was within the standards of competency expected."
This Court must determine whether the two allegations of ineffective assistance of counsel are sufficient to require an evidentiary hearing. Under rule 3.850 procedure, a movant is entitled to an evidentiary hearing unless the motion and record conclusively show that the movant is not entitled to relief. See O'Callaghan; Riley v. State, 433 So.2d 976 (Fla. 1983); Demps v. State, 416 So.2d 808 (Fla. 1982); LeDuc v. State, 415 So.2d 721 (Fla. 1982).
The test to determine whether counsel is ineffective is stated by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984):
The court must ... determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance... .
... .
The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.
... .
... When a defendant challenges a death sentence such as the one at issue in this case, the question is whether there is a reasonable probability that, *1241 absent the errors, the sentencer  including an appellate court, to the extent it independently reweighs the evidence  would have concluded that the balance of aggravating and mitigating circumstances did not warrant death.
Id. at 2066, 2068-69.
Because an evidentiary hearing has not been held on the ineffective assistance of counsel claims, we must treat Harich's allegations as true except to the extent that they are conclusively rebutted by the record. With regard to the intoxication issue, we do not find that trial counsel's conduct was outside the range of professionally competent assistance, given the evidence presented in this case, which included Harich's testimony that he left the victim alive at a convenience store. With regard to the claim of ineffective assistance of counsel for failure to present the testimony of Harich's family members at his sentencing hearing, we have reviewed the proffered evidence and concluded that there is no reasonable probability that the result of this trial would have been different had the evidence been presented.
Accordingly, we affirm the trial court's order denying appellant's motion for post-conviction relief and deny his motion for stay of execution.
It is so ordered.
No motion for rehearing will be entertained by the court.
BOYD, C.J., and ADKINS, OVERTON and EHRLICH, JJ., concur.
McDONALD, J., dissents with opinion in which BARKETT, J., concurs.
McDONALD, Justice, dissenting.
I am deeply disturbed by the untimeliness of the filing of Harich's 3.850 motion. I share the obvious feeling of frustration by the trial judge. Nevertheless, my review of the motion satisfies me that there are sufficient allegations of fact on the questionable failure to request an instruction on the effect of voluntary intoxication and on the presentation of nonstatutory mitigating evidence to warrant an evidentiary hearing. I recognize that the trial judge is in a superior position to evaluate the effect of the alleged deficiencies than we are. I am also aware of the fact that trial counsel's presentation of mitigating circumstances was adequate to convince me on the first appeal that a death sentence was not appropriate. Clearly the crime and the manner of its commission warranted the imposition of death. In all likelihood a death sentence could only have been avoided by a careful and clear showing of a previously untainted character of the defendant and that the commission of those crimes was so out of character that it must have been the handmaiden of some unusual force visited upon him. I believe that Harich should be allowed an opportunity to show that facts to avoid a death sentence existed and that those facts were not employed to his detriment.
Accordingly, I would grant a stay and direct that an evidentiary hearing be held on the motion.
BARKETT, J., concurs.