642 So.2d 108 (1994)
Gregory COOLEY, Appellant,
v.
The STATE of Florida, Appellee.
No. 94-394.
District Court of Appeal of Florida, Third District.
September 7, 1994.
Gregory Cooley, in pro per.
Robert A. Butterworth, Atty. Gen., and Paul M. Gayle-Smith, Asst. Atty. Gen., for appellee.
Before BARKDULL, BASKIN and GODERICH, JJ.
PER CURIAM.
Appellant seeks review of the trial court's summary denial of a 3.850 motion.
Appellant was convicted of two counts of first degree murder for killing two women whose bodies were found floating near "Houseboat Row" in Key West. The trial court sentenced appellant to two consecutive life terms with a minimum mandatory twenty-five years in prison. Appellant alleges that he was denied effective assistance of counsel because the public defender failed to call two witnesses in his defense. According to appellant's motion, one witness would have testified that a Mr. J.W. Hewett told him to strangle, stab, and throw the victims in the water because one of the victims had failed to return with the money from a check Mr. Hewett had given her to cash. The other witness would have allegedly testified that appellant told the investigating officer he saw the victims riding in a truck owned by a Mr. Charles Russell on the night of the murders. *109 According to appellant, Mr. Russell is a cousin of the investigating officer.
Absent extraordinary circumstances, failure of counsel to call a witness is not a ground for collateral attack. See Roth v. State, 479 So.2d 848 (Fla. 3d DCA 1985); Suarez v. State, 338 So.2d 546 (Fla. 3d DCA 1976). The record sub judice fails to demonstrate extraordinary circumstances as there was ample evidence contradicting the alleged testimony of the two witnesses. Appellant has failed to demonstrate that trial counsel's decision not to call the witnesses substantially prejudiced him to the extent that there was a likelihood that the alleged erroneous decision affected the outcome of the trial. Knight v. State, 394 So.2d 997 (Fla. 1981); Anderson v. State, 467 So.2d 781 (Fla. 3d DCA 1985).
Therefore the order under review is affirmed.
Affirmed.