PER CURIAM.
Ronald Beatty appeals from the summary denial of his motion for post-eonvietion relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Most of the issues raised should have been brought on direct appeal, and therefore, mil not support a subsequent claim for collateral relief under Rule 3.850. Koon v. Dugger, 619 So.2d 246, 247 (Fla.1993). Appellant has however, raised several ineffective assistance of counsel claims which we believe are sufficient to preclude summary denial. The claims are as follows:
1. Trial counsel misrepresented that he would obtain two expert witnesses to testify on matters of medical evidence of abuse and child psychology.
2. Trial counsel invited error by agreeing to a lesser included charge of indecent assault as a lesser to sexual battery.
3. Trial counsel opened the door in cross-examination of prosecution witness which allowed state rebuttal witnesses to show bad character and propensity to commit the crime charged.
4. Trial counsel failed to schedule a portion of Williams rule hearing.
5. Trial counsel failed to call an alibi witness who would have testified that appellant was not present at the time offense was committed.
6. Trial counsel failed to move to suppress expert testimony on the basis that it was hearsay.
Appellant has also raised a double jeopardy claim in his motion. The trial court rejected that claim solely on the basis that double jeopardy cannot be raised in a rule 3.850 motion. This finding was error. See Ferenc v. State, 563 So.2d 707 (Fla. 1st DCA 1990) (double jeopardy may be raised in a rule 3.850 motion). Finally, the trial court erroneously failed to address the issue of whether forty victim injury points were improperly assessed against appellant.
Accordingly, we reverse the denial of the rule 3.850 motion, and direct the trial court to either hold an evidentiary hearing or attach portions of the files and records conclusively showing that appellant is not entitled to relief on each ground asserted above. See Jones v. State, 589 So.2d 1023, 1024 (Fla. 4th DCA 1991).
In all other respects, the trial court’s order is affirmed.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
DELL, C.J., and FARMER and STEVENSON, JJ., concur.