737 So.2d 572 (1999)
Danny D. PELHAM, Appellant,
v.
STATE of Florida, Appellee.
No. 98-2184.
District Court of Appeal of Florida, First District.
June 22, 1999.
Pro Se, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, for Appellee.
BROWNING, J.
Appellant, Danny Pelham (Pelham) appeals an order of the trial judge summarily denying his Florida Rule of Criminal Procedure 3.850 motion for post-conviction relief. For reversal, Pelham argues three grounds: 1) ineffective assistance of counsel because counsel exhibited to him an incorrect sentencing guideline scoresheet during plea negotiations; 2) ineffective assistance *573 of counsel for failure of counsel to investigate and present the testimony of an alibi witness, or to confer with Pelham regarding his defense; and 3) the trial judge erred by accepting a plea where the only factual basis for the plea was the stipulation of counsel. We affirm in part, reverse in part, and remand for proceedings consistent with this opinion.
Under Rule 3.850, a defendant is entitled to an evidentiary hearing unless the motion and record conclusively show the defendant is not entitled to relief. Harich v. State, 484 So.2d 1239, 1240 (Fla. 1986). A defendant's allegations must be treated as true except to the extent they are conclusively refuted by the record. Id. at 1241. Facially sufficient allegations of ineffective assistance of counsel may not be denied summarily without attachment of those portions of the record that demonstrate conclusively that the defendant is not entitled to relief. Thornburg v. State, 591 So.2d at 1122, citing Boutwell v. State, 563 So.2d 798 (Fla. 1st DCA 1990).
We find Pelham's argument that his trial counsel utilized an incorrect sentencing guideline scoresheet during plea negotiations meritless. The trial judge attached the guideline scoresheet and the plea waiver and consent form to his order denying Pelham's motion. These attachments do not show a "recommendation of life imprisonment" as alleged by Pelham, but indicate a maximum statutory sentence for the offenses charged of life imprisonment and a $10,000 fine, with a mandatory minimum of three years. Because Pelham's allegation is conclusively refuted by these attachments, the trial judge is affirmed as to this issue.
Pelham's second argument is also without merit because he failed to make any of the allegations required for a facially sufficient claim. In his motion, Pelham failed to identify the alleged alibi witness, omitted the content of the witness's expected testimony, and did not assert how he was prejudiced by the omission of that witness's expected testimony. These are essential allegations, and the trial judge properly denied Pelham's claim for relief on this basis. Highsmith v. State, 617 So.2d 825, 826 (Fla. 1st DCA 1993); Sorgman v. State, 549 So.2d 686 (Fla. 1st DCA 1989).
Pelham, in his third argument for reversal, alleges the trial judge erred by failing to establish a factual basis for Pelham's plea other than that stipulated to by counsel. We agree. The purpose of determining whether a factual basis for a plea exists is to prevent a defendant from mistakenly entering a plea to the wrong offense. Williams v. State, 316 So.2d 267, 273 (Fla.1975); State v. Franklin, 669 So.2d 339 (Fla. 4th DCA 1996). It is reversible error for a trial judge to rely solely on counsel's stipulation of a sufficient factual basis for a plea when there are no supporting facts in the record. Black v. State, 664 So.2d 1152, 1153 (Fla. 3d DCA 1995). A review of the record reveals no facts to support Pelham's plea, and Appellee's sole argument for affirmance on this issue is the stipulation of a factual basis by Pelham's trial attorney. Accordingly, the trial court erred in accepting the plea, and we reverse on this issue.
AFFIRMED in part, REVERSED in part, and REMANDED to the trial judge, in accordance with Harich, supra, either to enter an order attaching portions of the record establishing a factual basis for Pelham's plea, or to conduct an evidentiary hearing.
ERVIN, and VAN NORTWICK, JJ., CONCUR.