PER CURIAM.
We conclude that the ineffective assistance of counsel claim in the defendant’s rule 3.850 motion is facially sufficient and that the allegations of the motion are not conclusively refuted by the portions of the transcript attached to the trial court’s order summarily denying the motion. *1115 Therefore, we reverse for an evidentiary hearing.
The defendant alleged in the motion that he did not receive effective assistance of counsel because he was not advised of his right to testify at trial and because his lawyer failed to call an alibi witness. The motion also contained sufficient allegations to satisfy the prejudice prong of the Strickland, v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) test. Thus, in this case, both prongs of the Strickland test were met as required by Oisorio v. State, 676 So.2d 1368 (Fla.1996).
The portion of the trial transcript attached to the trial court’s order shows that the defendant knew his lawyer had decided not to call him as a witness, but it does not show that the defendant was advised of his right to testify, or that he understood that he could have elected to testify against his lawyer’s advice. Moreover, the trial court did not attach any record that refutes, or even addresses, the defendant’s claim that counsel failed to call an alibi witness.
BOOTH, ALLEN and PADOVANO, JJ., CONCUR.