800 So.2d 322 (2001)
Alwin J. JACOBS, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D01-573.
District Court of Appeal of Florida, Third District.
November 14, 2001.
Rehearing Denied December 5, 2001.
*323 Alwin J. Jacobs, in proper person.
Robert A. Butterworth, Attorney General, for appellee.
Before COPE, GERSTEN, and SHEVIN, JJ.
PER CURIAM.
Alwin Jerome Jacobs ("defendant") appeals the denial of his motion for postconviction relief raising eight alleged grounds for reversal, including that his trial counsel was ineffective. The record conclusively reflects the defendant's claims lack merit and therefore we affirm the order below.
It is well established that in order to succeed on a claim of ineffective assistance of counsel, a defendant must satisfy the two-prong test of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), which requires a showing of deficient performance and prejudice. It is the defendant's burden to overcome the strong presumption that counsel's conduct was within the range of reasonable professional assistance, and the defendant can only meet this burden by showing specific omissions or overt acts that are substantial and serious, which result in prejudice. See Strickland v. Washington, 466 U.S. at 695, 104 S.Ct. 2052; Knight v. State, 394 So.2d 997 (Fla.1981). The defendant in this case has failed to meet that burden.
Addressing the specific concerns raised by the dissent, we note that in order for counsel to be ineffective for failure to investigate and interview witnesses, a facially sufficient motion must include the identity of the alleged witness, the content of the witness' expected testimony, and an explanation as to how the omission of this evidence prejudiced the outcome of the trial. See Highsmith v. State, 617 So.2d 825 (Fla. 1st DCA 1993). Defense counsel is not ineffective for failing to call witnesses who allegedly would have provided exculpating testimony, where there was ample evidence contradicting the testimony the witness would have given. See Cooley v. State, 642 So.2d 108 (Fla. 3d DCA 1994). Absent extraordinary circumstances, failure of counsel to call a witness is not a ground for collateral attack. See Brookins v. State, 174 So.2d 578 (Fla. 3d DCA 1965).
The defendant's claim that counsel was ineffective for failing to call two proposed alibi witnesses at trial is facially insufficient. Although the defendant claims these witnesses would have testified he was in their home at the time of the crime, other eyewitness testimony placed the defendant at the scene of the crime and there was overwhelming evidence of the defendant's burglary of the unoccupied dwelling. We agree with the State that the failure to *324 call these witnesses where there was an abundance of evidence contradicting their testimony constituted a sound tactical decision and not ineffectiveness of counsel. See Jones v. State, 747 So.2d 982 (Fla. 3d DCA 1999), quashed in part on other grounds, 759 So.2d 681 (Fla.2000).
Under Rule 3.850, a defendant is entitled to an evidentiary hearing unless the motion and record conclusively show the defendant is not entitled to relief. See Harich v. State, 484 So.2d 1239, 1240 (Fla. 1986). Since the defendant's motion is facially insufficient, no error has been shown in the trial court's summary denial. See State v. Pelham, 737 So.2d 572 (Fla. 1st DCA 1999)(affirming summary denial of ineffective assistance claim as to alibi witnesses since arguments were facially insufficient). Accordingly, no evidentiary hearing is required and the order below is affirmed in all respects.[1]
Affirmed.
GERSTEN AND SHEVIN, JJ., concur.
COPE, J. (concurring in part and dissenting in part).
I would reverse the order denying postconviction relief in part, and remand for an evidentiary hearing on the claim of defendant-appellant Jacobs that his trial counsel was ineffective.
The record reflects that counsel had filed a notice of alibi listing two alibi witnesses by name and address. Defendant alleged that the witnesses "were prepared to testify on behalf of the Defendant." Motion for Postconviction Relief, at 8. Defendant says the witnesses would have testified he was in their home at the time of the crime. However, the alibi witnesses were not called to testify at trial.
Defendant contends that he would have testified at trial that he was at the home of the two alibi witnesses at the time of the crime. However, he says that counsel advised him that if he testified, the details of his prior record could be placed before the jury. In reality, the State would only be able to bring out the number of the defendant's prior convictions, but not the details. See § 90.610, Fla. Stat. (1997); Charles W. Ehrhardt, Florida Evidence § 610.5 (2001).
"On appeal from the denial of relief [without an evidentiary hearing], unless the record shows conclusively that the appellant is entitled to no relief, the order shall be reversed and the cause remanded for an evidentiary hearing or other appropriate relief." Fla. R.App. P. 9.141(b)(2)(D).
In my view, the record does not conclusively refute the defendant's claim. The identification in this case was by a single witness who had never seen defendant before. We cannot say on this record what the effect would have been had the alibi witnesses, and the defendant, testified. Defendant's allegations are sufficient to call for an evidentiary hearing on his motion.
I concur with the affirmance of the denial of relief on the defendant's other points.
NOTES
[1] We commend the trial judge for his detailed order in considering the defendant's numerous claims. The trial court noted in finding the motion facially insufficient that: "Given the overwhelming evidence against the Defendant, consisting of an eyewitness identifying the Defendant at the scene of the crime and at trial and the Defendant being found within two blocks of the crime scene, the outcome of the trial would not have been altered by the proposed witnesses testimony even assuming the witnesses would have testified as the Defendant alleges."