PER CURIAM.
The appellant challenges the trial court’s order summarily denying his postconviction motion filed pursuant to Florida Rule of Criminal Procedure 3.850. Because the trial court failed to attach portions of the record conclusively refuting the appellant’s claim that counsel was ineffective for failing to interview and call alibi witnesses, we reverse.
The appellant was convicted by a jury of three counts of armed robbery and was sentenced to three concurrent terms of nine years’ imprisonment. In order to assert a facially sufficient claim that counsel was ineffective for failing to call an alibi witness, the appellant must identify the witness, the content of the witness’s expected testimony, and assert how he is prejudiced by the omission of the witness’s testimony. State v. Pelham, 737 So.2d 572, 573 (Fla. 1st DCA 1999). In the instant case, the appellant identified both Dorothy Austin and Joseph Davis as potential alibi witnesses. The appellant alleged that both of these witnesses would have testified that he was somewhere else when the robberies took place. The appellant alleged that he was prejudiced by the omission of this testimony because the testimony would have supported his defense that he was not the person that committed the robberies.
The only record portion the trial court attached was a notice of alibi filed by the appellant’s counsel. However, this notice does not contain either Ms. Austin’s or Mr. Davis’s name and it does not explain why they were not called as witnesses. Because the trial court’s attachments do not conclusively refute the appellant’s claim, we reverse the summary denial of the appellant’s claim that his counsel was ineffective for failing to interview and call alibi witnesses, and remand for the trial court to either support its summary denial with record excerpts conclusively establishing that the appellant is entitled to no relief or to conduct an evidentiary hearing on the claim.
REVERSED and REMANDED.
ERVIN, KAHN, and PADOVANO, JJ., concur.