PER CURIAM.
The appellant challenges the trial court’s order summarily denying his postconviction motion filed pursuant to Florida Rule of Criminal Procedure 3.850. Because the trial court failed to attach portions of the record to conclusively refute the appellant’s claim that counsel was ineffective for failing to call a witness, we reverse. We affirm all other issues raised in the appellant’s motion without discussion.
The appellant was convicted of two counts of solicitation to commit sexual battery and one count of attempted capital sexual battery and was sentenced to concurrent terms of 25 years’ imprisonment and concurrent terms of 10 years’ sex offender probation. The appellant alleged that his counsel was ineffective for failing to call a witness. In order to assert a facially sufficient claim that counsel was ineffective for failing to call a witness, the appellant must identify the witness, the content of the witness’s expected testimony, and assert how he is prejudiced by the omission of the witness’s testimony. State v. Pelham, 737 So.2d 572, 573 (Fla. 1st DCA 1999). The appellant alleges that counsel should have called Toni Papilhon to testify that the children interacted with the appellant in a “friendly, calm affectionate and confident way” after the alleged offense occurred. The appellant further alleges that he was prejudiced by the omission of this testimony because Ms. Papillion’s testimony would have refuted a police officer’s testimony that the appellant confessed to committing most of the acts. Thus, the appellant alleged a facially sufficient claim of ineffective assistance of counsel for failing to call a witness to testify.
The appellant stated that he testified at trial and denied all of the allegations made by the children, so the jury had to determine who was more credible, the police officer or the appellant. If Ms. Papillion’s testimony would have increased the credibility of the appellant’s testimony, then there is a reasonable probability that her testimony may have changed the outcome of the trial. See Spencer v. State, 842 So.2d 52, 65 (Fla.2003). Because the trial court failed to attach any portion of the record to refute this claim, this claim is reversed and remanded for the attachment of record portions to conclusively refute the appellant’s claim or an evidentiary hearing.
AFFIRMED IN PART; REVERSED IN PART and REMANDED.
BOOTH, VAN NORTWICK, and HAWKE S, JJ., concur.