880 So.2d 548 (2004)
Alwin J. JACOBS, Petitioner,
v.
STATE of Florida, Respondent.
No. SC02-107.
Supreme Court of Florida.
June 24, 2004.
*549 R. Mitchell Prugh of Middleton & Prugh, P.A., Melrose, FL, for Petitioner.
Charles J. Crist, Jr., Attorney General, Michael J. Neimand, Bureau Chief, and Meredith L. Balo and John D. Barker, Assistant Attorneys General, Miami, FL, for Respondent.
PER CURIAM.
We have for review Jacobs v. State, 800 So.2d 322 (Fla. 3d DCA 2001), based on conflict with the decision in Smith v. State, 481 So.2d 988 (Fla. 5th DCA 1986). We have jurisdiction. See art. V, § 3(b)(3), Fla. Const. We quash Jacobs, and hold that the district court erred in affirming the trial court's summary denial of petitioner's postconviction claim of ineffectiveness of counsel as facially insufficient.

PROCEEDINGS TO DATE
In the trial court Jacobs was charged, tried, and found guilty by a jury of burglary, petit theft, and criminal mischief. Before trial, Jacobs' counsel filed a notice of alibi, stating: "At the exact date and time of the alleged offense, the defendant was at: 3638 Percipal Avenue, Coconut Grove, Florida." The notice expressly listed Mike Lee and Nika Lee as alibi witnesses. However, these alibi witnesses were not called at trial and Jacobs was subsequently convicted on all charges.
After his conviction, Jacobs filed a motion for postconviction relief pursuant to rule 3.850 of the Florida Rules of Criminal Procedure. Among his eight claims for relief, Jacobs asserted that his trial counsel was ineffective for failing to call at trial the alibi witnesses listed in his notice of alibi. He further asserted that these witnesses were available, known to counsel, and would have testified that at the time of the alleged crimes Jacobs was with them and not at the scene of the crimes. The trial court expressly found this claim to be facially insufficient and summarily denied Jacobs' postconviction motion in its entirety.
On appeal, the Third District agreed and affirmed the trial court's summary denial of relief. See Jacobs v. State, 800 So.2d 322 (Fla. 3d DCA 2001). Judge Cope concurred with the denial of all of Jacobs' postconviction claims except for the ineffective assistance of counsel (IAC) claim regarding the failure to call alibi witnesses. Jacobs, 800 So.2d at 324 (Cope, J., concurring in part and dissenting in part). In his partial dissent, Judge Cope noted that a notice of alibi was filed in this case, and that the notice listed the two alibi witnesses by name and address.
Jacobs now seeks review of the Third District's decision, asserting that he set out a facially sufficient claim of ineffectiveness of counsel regarding defense counsel's failure to call alibi witnesses at trial, and that he is entitled to an evidentiary hearing on this claim.

*550 PROCEDURE UNDER RULE 3.850
Florida's rule for postconviction relief is largely self-explanatory as to its procedure. Florida Rule of Criminal Procedure 3.850(a)-(c) sets forth the criteria for filing a facially sufficient postconviction motion. The rule requires the movant to include "a brief statement of the facts (and other conditions) relied on in support of the motion." Fla. R.Crim. P. 3.850(c)(6). Hence, if a movant properly and timely alleges a valid legal claim with sufficient factual support, and complies with the oath and contents requirement, then he will ordinarily have stated a facially sufficient postconviction motion. After a determination of facial sufficiency, rule 3.850(d) directs the course of further proceedings:
On filing of a rule 3.850 motion, the clerk shall forward the motion and file to the court. If the motion, files, and records in the case conclusively show that the movant is entitled to no relief, the motion shall be denied without a hearing. In those instances when the denial is not predicated on the legal insufficiency of the motion on its face, a copy of that portion of the files and records that conclusively shows that the movant is entitled to no relief shall be attached to the order. Unless the motion, files, and records of the case conclusively show that the movant is entitled to no relief, the court shall order the state attorney to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate. The answer shall respond to the allegations of the motion. In addition it shall state whether the movant has used any other available state remedies including any other postconviction motion under this rule. The answer shall also state whether an evidentiary hearing was accorded the movant. If the motion has not been denied at a previous stage in the proceedings, the judge, after the answer is filed, shall determine whether an evidentiary hearing is required. If an evidentiary hearing is not required, the judge shall make appropriate disposition of the motion. If an evidentiary hearing is required, the court shall grant a prompt hearing thereon and shall cause notice thereof to be served on the state attorney, determine the issues, and make findings of fact and conclusions of law with respect thereto. If the court finds that the judgment was rendered without jurisdiction, that the sentence imposed was not authorized by law or is otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the movant as to render the judgment vulnerable to collateral attack, the court shall vacate and set aside the judgment and shall discharge or resentence the movant, grant a new trial, or correct the sentence as may appear appropriate.
Fla. R.Crim. P. 3.850(d).
Under these comprehensive provisions a trial court's consideration of a motion under rule 3.850 involves a number of possible steps: First, a trial court must determine whether the motion is facially sufficient, i.e., whether it sets out a cognizable claim for relief based upon the legal and factual grounds asserted. It would logically follow that if no valid claim is alleged, the court may deny the motion outright, and the court need not examine the record. Second, if the court determines that the motion is facially sufficient, the court may then review the record. If the record conclusively refutes the alleged claim, the claim may be denied. In doing so, the court is required to attach those portions of the record that conclusively refute the claim to its order of denial. Third, if the court determines that the motion is facially sufficient and that *551 there are no files or records conclusively showing that the movant is not entitled to relief, the court may order the state attorney's office to file a response to the defendant's motion. The state attorney must respond to the allegations of the motion, state whether the movant has pursued any other available remedies (including any other postconviction motions), and state whether the defendant received an evidentiary hearing. Fourth, after the state attorney has filed the required response, the trial judge must determine whether the claims alleged in the motion have been denied at a previous stage in the proceedings. Finally, if the claims presented in the motion have not been denied previously, the judge shall then determine whether an evidentiary hearing is required in order to resolve the claims alleged in the motion. Thus, if the trial court finds that the motion is facially sufficient, that the claim is not conclusively refuted by the record, and that the claim is not otherwise procedurally barred, the trial court should hold an evidentiary hearing to resolve the claim.
Thus, rule 3.850 distinguishes between claims that are facially insufficient and those that are facially sufficient but are also conclusively refuted by the record. A determination of facial sufficiency will rest upon an examination of the face, or contents, of the postconviction motion. Because the determination of facial sufficiency under rule 3.850 is one of law and involves an evaluation of the legal sufficiency of the claim alleged, the evidence in the record will ordinarily be irrelevant to such an evaluation. The examination of the record will ordinarily come only after a claim is found to be facially sufficient, and the purpose of that examination will be solely to determine whether the record conclusively refutes the claim.

FACIAL SUFFICIENCY
Both the trial court and the district court in this case appear to have mixed the first two procedural stages of rule 3.850, i.e., they have combined the issue of a claim's facial sufficiency with the issue of whether the claim is conclusively refuted by the record. In addressing the defendant's claim of ineffective assistance of counsel based on the failure to call alibi witnesses, the trial court expressly denied the motion based on facial insufficiency. In doing so, however, the court relied upon the "overwhelming evidence against the defendant"  a clear indication that the court had reviewed not only facial sufficiency of the claim itself, but also the record of the trial. The court also cited Cooley v. State, 642 So.2d 108 (Fla. 3d DCA 1994), for the proposition that counsel is not ineffective where there is "ample evidence contradicting the testimony the witness would have given"  another sign that the court was relying on the contents of the record, rather than the facial sufficiency of the claim, to deny the motion.[1]
The Third District's opinion appears to have repeated the trial court's mistake in its analysis. In holding that the defendant's claim was facially insufficient, the district court stated that "[a]lthough the defendant claims these witnesses would *552 have testified that he was in their home at the time of the crime, other eyewitness testimony placed the defendant at the scene of the crime and there was overwhelming evidence of the defendant's burglary of the unoccupied dwelling." Jacobs v. State, 800 So.2d 322, 323 (Fla. 3d DCA 2001). The court also noted the "abundance of evidence contradicting [the witnesses'] testimony." Id. at 324. These statements indicate the district court, too, looked not at the legal sufficiency of the allegations of the motion, but to the record to refute the claim.

CASE LAW
Jacobs claims that the Third District's decision conflicts with case law from the other district courts of appeal. Most of the cases cited for conflict hold that a facially sufficient claim is stated when a movant alleges that trial counsel was ineffective for failing to call known alibi witnesses, and, in such instances, the trial court must either attach portions of the record that conclusively refute the IAC claim to its order, or require the State to respond before making the decision to hold an evidentiary hearing.
In Smith v. State, 481 So.2d 988 (Fla. 5th DCA 1986), the Fifth District expressly found that an IAC claim similar to the one asserted here was facially sufficient, despite the fact that the defendant did not list "the complete names of the potential witnesses or their addresses," because he did factually describe how the witnesses would have supported his alibi. Id. at 989. Hence, the Fifth District concluded that a facially sufficient claim was alleged. On the other hand, in Robinson v. State, 516 So.2d 20 (Fla. 1st DCA 1987), the First District held that an IAC claim regarding the failure to call alibi witnesses was facially insufficient when the defendant fails to support it with "facts such as the identity of such witnesses, what they would testify to if called, or their availability." Id. at 21. See also Baker v. State, 839 So.2d 851, 852 (Fla. 1st DCA 2003) (reversing the trial court's summary denial of the IAC alibi witness claim because the trial court "failed to attach portions of the record conclusively refuting the appellant's claim that counsel was ineffective for failing to interview and call alibi witnesses"); Cohens v. State, 775 So.2d 336, 337 (Fla. 2d DCA 2000) (finding that the trial court erred in finding the IAC alibi witness claim facially insufficient because a notice of alibi was filed in the case); Stringer v. State, 757 So.2d 1226, 1226 (Fla. 4th DCA 2000) (remanding the case for the trial court to either hold a hearing or attach further record excerpts because the exhibits incorporated in the trial court's order did not conclusively refute the IAC alibi witness claim); Reid v. State, 745 So.2d 1114, 1114-15 (Fla. 1st DCA 1999) (finding that the IAC claim was facially sufficient, but that the trial court failed to attach the portion of the record that "refutes, or even addresses, the defendant's claim that counsel failed to call an alibi witness"); Beatty v. State, 647 So.2d 266, 267 (Fla. 4th DCA 1994) (remanding the case on several IAC claims, including counsel's failure to call an alibi witness, directing the trial court to either hold a hearing or "attach portions of the files and records conclusively showing that appellant is not entitled to relief on each ground"); Mallory v. State, 577 So.2d 987, 988 (Fla. 4th DCA 1991) (remanding the case because the defendant's motion stated a facially sufficient IAC claim regarding the failure to investigate alibi witnesses); Harrell v. State, 443 So.2d 1080, 1080 (Fla. 2d DCA 1984) (remanding the case on the IAC claim that defense counsel failed to contact potential alibi witnesses after the defendant provided their names and addresses because the trial court summarily denied the claim and failed to attach *553 portions of the record refuting the allegations).
The provisions of rule 3.850 and the decisions discussed above support a conclusion that Jacobs set out a facially sufficient claim here, because, in accord with the provisions of the rule and the holdings of the cases, he specifically identified the alibi witnesses, stated the substance of their exculpatory evidence, and averred that they were known to counsel. We conclude that Jacobs' IAC claim was pled sufficiently in accordance with rule 3.850 because in the motion Jacobs expressly provided (1) the names of the two potential alibi witnesses who had been previously listed in the trial court record as alibi witnesses; (2) the witnesses' phone numbers; and (3) a rather specific factual recitation of their proposed alibi testimony supporting his alibi defense.[2] The petitioner's motion contained both a legal claim of ineffective assistance of counsel, i.e., an unexplained failure to present a valid defense, that, if accepted, would have supported a not guilty verdict, and a detailed factual predicate for the claim, i.e., the availability of identified witnesses known to counsel who would have supported the defense. The rule does not require more. Therefore, we find that both the trial court and the Third District erred by finding the instant claim to be facially insufficient.

EVIDENTIARY HEARING
While we acknowledge that the denial of relief in this case was expressly predicated upon rulings of law by both the trial court and the district court that the claim was facially insufficient, we also consider whether the claimant was entitled to an evidentiary hearing. As noted above, the Third District's ruling actually relied upon the contents of the record rather than the facial sufficiency of the motion:
The defendant's claim that counsel was ineffective for failing to call two proposed alibi witnesses at trial is facially insufficient. Although the defendant claims these witnesses would have testified he was in their home at the time of the crime, other eyewitness testimony placed the defendant at the scene of the crime and there was overwhelming evidence of the defendant's burglary of the unoccupied dwelling. We agree with the State that the failure to call these witnesses where there was an abundance of evidence contradicting their testimony constituted a sound tactical decision and not ineffectiveness of counsel. See Jones v. State, 747 So.2d 982 (Fla. 3d DCA 1999), quashed in part on other grounds, 759 So.2d 681 (Fla.2000).
Under rule 3.850, a defendant is entitled to an evidentiary hearing unless the motion and record conclusively show the defendant is not entitled to relief. See Harich v. State, 484 So.2d 1239, 1240 (Fla.1986). Since the defendant's motion is facially insufficient, no error has been shown in the trial court's summary denial. See State v. Pelham, 737 So.2d 572 (Fla. 1st DCA 1999) (affirming summary denial of ineffective assistance claim as to alibi witnesses since arguments were facially insufficient). Accordingly, no evidentiary hearing is required and the order below is affirmed in all respects.
Jacobs, 800 So.2d at 323-24. On the other hand, in his partial dissent, Judge Cope explained his reasoning for concluding that an evidentiary hearing was necessary:

*554 The record reflects that counsel had filed a notice of alibi listing two alibi witnesses by name and address. Defendant alleged that the witnesses "were prepared to testify on behalf of the Defendant." Motion for Postconviction Relief, at 8. Defendant says the witnesses would have testified he was in their home at the time of the crime. However, the alibi witnesses were not called to testify at trial.
Defendant contends that he would have testified at trial that he was at the home of the two alibi witnesses at the time of the crime. However, he says that counsel advised him that if he testified, the details of his prior record could be placed before the jury. In reality, the State would only be able to bring out the number of the defendant's prior convictions, but not the details. See § 90.610, Fla. Stat. (1997); Charles W. Ehrhardt, Florida Evidence, § 610.5 (2001).
"On appeal from the denial of relief [without an evidentiary hearing], unless the record shows conclusively that the appellant is entitled to no relief, the order shall be reversed and the cause remanded for an evidentiary hearing or other appropriate relief." Fla. R.App. P. 9.141(b)(2)(D).
In my view, the record does not conclusively refute the defendant's claim. The identification in this case was by a single witness who had never seen defendant before. We cannot say on this record what the effect would have been had the alibi witnesses, and the defendant, testified. Defendant's allegations are sufficient to call for an evidentiary hearing on his motion.
Id. at 324 (Cope, J., concurring in part and dissenting in part). This analysis is consistent with the analysis set out above explaining the procedural framework for rule 3.850.
In addition to the district court case law discussed above, our recent decision in Ford v. State, 825 So.2d 358 (Fla.2002), is instructive on the issue of the need for an evidentiary hearing in this case. Although not dealing specifically with alibi witnesses, we granted review in Ford "to resolve the issue of whether the trial court was required to hold an evidentiary hearing based upon the allegations in petitioner's 3.850 motion concerning ineffective assistance of trial counsel for a failure to investigate and call witnesses." Id. at 360. In Ford, we concluded that the trial court had erred in summarily denying a claim that trial counsel was ineffective for failing to call certain witnesses. We explained:
Without an evidentiary hearing or any record attachments refuting petitioner's allegations, the trial court was bound to assume that the allegations in petitioner's 3.850 motion were true. See Edwards v. State, 652 So.2d 1276, 1276-77 (Fla. 5th DCA 1995). We conclude that the Fifth District, by affirming the trial court's order on the basis that "defense counsel could have well decided that calling them would not have been beneficial," Ford, 776 So.2d at 374, erroneously allowed the trial court to deviate from this rule. The Fifth District's statement in Ford resolved, without either a clear trial record basis identified by the trial court or an evidentiary hearing, the factual issue involving the reason why counsel did not call the witnesses identified by the petitioner. We conclude that, in the instant case, to determine the reason why trial counsel did not call the witnesses it was necessary to grant petitioner an opportunity to present evidence. See Williams v. State, 601 So.2d 596, 598-99 (Fla. 1st DCA 1992) (reversing trial court's finding without benefit of evidentiary hearing that trial counsel's *555 decision not to call witnesses was tactical because such an allegation raised question of fact).
825 So.2d at 361. We conclude that the reasoning in our opinion in Ford applies here as well. Under the provisions of rule 3.850, the defendant's allegations, which we have determined to be facially sufficient and not conclusively refuted by the record, now require the trial court to order the State to respond. The trial court must then consider (pursuant to the considerations specified in rule 3.850(d)) holding an evidentiary hearing to resolve the issue of counsel's effectiveness concerning the use of the alleged alibi witnesses at trial.
In essence, both the trial court and the district court relied upon other evidence presented by the State of defendant's presence at the scene of the crime and his guilt as a basis for denying an evidentiary hearing. However, a claim of ineffectiveness in failing to present important exculpatory evidence cannot be resolved on the basis of the mere existence of conflicting evidence in the record. Rather, the record evidence must conclusively rebut the claim if the claim is to be resolved without a hearing. For example, if the record demonstrated that these witnesses had actually testified, the claim would obviously be conclusively rebutted.
However, the mere existence of evidence of guilt is insufficient to conclusively rebut a claim of ineffectiveness in failing to present evidence of innocence in the form of known and available alibi witnesses. Rather, such a claim involves an assertion that a defendant is entitled to have counsel act reasonably and effectively, in determining whether to present exculpatory evidence in support of the defense. And, where it is facially asserted that such evidence exists, but was not presented, a State response must be ordered and considered before determining if a hearing is required unless the record demonstrates a reasonable explanation or otherwise conclusively refutes the claim. Upon a trial court ordering a hearing, the burden will remain on the defendant at such an evidentiary hearing to demonstrate a valid claim of ineffective assistance of counsel under the two-pronged analysis contained in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
Accordingly, we quash the decision of the Third District and remand for further proceedings in accord with this opinion.
It is so ordered.
ANSTEAD, C.J., and WELLS, PARIENTE, LEWIS, QUINCE, CANTERO, and BELL, JJ., concur.
BELL, J., concurs specially with an opinion, in which WELLS, J., concurs.
BELL, J., specially concurring.
I agree with the majority that Jacobs' motion sets forth a facially sufficient claim of ineffective assistance of counsel. However, I am concerned about the consequences of reading the majority opinion too broadly. In almost every trial, counsel makes a decision not to call one or more witnesses for a variety of reasons. The failure of counsel to call witnesses is a very common claim of ineffective assistance of counsel. Rarely does the typical trial record contain sufficient evidence to explain a decision not to call a particular witness. Without a reasonable application of rule 3.850 in respect to counsel not calling a witness, this inevitable gap in the typical record will easily result in an enormous, imprudent expenditure of limited judicial resources on unnecessary hearings. Therefore, we should continue to adhere to the sound view that absent extraordinary circumstances, the simple failure of counsel to call a witness is not sufficient grounds for collateral attack. Cooley v. *556 State, 642 So.2d 108 (Fla. 3d DCA 1994). In this case, I concur in the result of the majority opinion because the failure to call previously noticed alibi witnesses is exactly such an extraordinary circumstance that should prohibit a summary denial based upon the record before us.
Additionally, it is important to reiterate the importance of making an adequate record if one wishes to minimize evidentiary hearings on meritless collateral attacks. Florida law imposes no duty upon counsel to obtain a client's on-the-record consent to counsel's tactical decision regarding trial strategy. See Jones v. State, 484 So.2d 577, 579-80 (Fla.1986). And the attorney-client privilege limits the scope of a trial judge's inquiry. However, if a record is developed to make it clear that a defendant has given free, voluntary, and knowing consent to the strategy advocated by counsel, it logically follows that no later claim for ineffective assistance of counsel can prevail. In this case, the trial court had a brief dialogue with defense counsel and Jacobs when counsel informed the court that the defense was not going to present any evidence. The entire exchange went as follows:
THE COURT: I have just been told by [counsel] that you have chosen not to testify or present any defenses in this case.
THE DEFENDANT: Yes, sir.
THE COURT: Have you had an opportunity to discuss that tactical decision with [counsel]?
THE DEFENDANT: Yes.
THE COURT: They have explained to you their reasons for doing that?
THE DEFENDANT: Yes, sir.
THE COURT: And you have concurred with their reasons for doing that?
THE DEFENDANT: Yes, I have.
THE COURT: You believe it's in your best interest not to testify or present any defenses at this time?
PETITIONER: Yes, I do.
Neither the trial court nor the Third District relied on this colloquy to justify the underlying summary denial of the motion. However, such colloquies, when sufficiently thorough, provide a sufficient basis on the record to rule on postconviction motions without the need for an evidentiary hearing. If this colloquy had adequately reflected that the defendant knew of his right not only to present his own testimony but also to call witnesses and that he was freely and knowingly consenting to the strategy of counsel not to present a defense, there might be sufficient on-the-record consent to trial counsel's decision not to call witnesses, thereby precluding a later objection to this strategy.
The colloquy with this defendant was not sufficient to rebut the claim of ineffectiveness. The subject of agreeing not to call other witnesses, particularly important alibi witnesses, was not adequately covered. Without such a thorough colloquy, I concur with the majority that there is insufficient evidence in the record before us to rebut the allegations made in an otherwise facially sufficient motion, and the case should be remanded to require the State to answer the motion and then for further proceedings in accordance with the rule.
WELLS, J., concurs.
NOTES
[1] Cooley is distinguishable from the circumstances here because it did not involve a claim based upon counsel's failure to call alibi witnesses. Rather, it is unclear from the brief opinion in Cooley how the alleged witnesses may have affected the case. Under those circumstances, the Third District concluded that Cooley had failed to demonstrate that there was "a likelihood that the alleged erroneous decision affected the outcome of the trial." Cooley, 642 So.2d at 109. However, we disapprove Cooley to the extent it may be construed to hold that the facial sufficiency of the motion may be determined based on an examination of the record to refute the claim.
[2] Although Mike Lee and Nika Lee's exact address is not listed in the postconviction motion, their home is referenced as being in "Coconut Grove," which is consistent with the address given in the notice of alibi.