907 So.2d 612 (2005)
Gregory BROWN, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D05-1258.
District Court of Appeal of Florida, Third District.
July 20, 2005.
Gregory Brown, in proper person.
Charles J. Crist, Jr., Attorney General, for appellee.
Before COPE, C.J., and SHEPHERD and ROTHENBERG, JJ.
ROTHENBERG, Judge.
The defendant appeals the denial of his motion for postconviction relief filed pursuant to 3.850, Florida Rules of Criminal Procedure. We affirm.
The defendant was convicted after a jury trial of having committed eight robberies armed with a firearm and burglary with an assault or battery. In the instant motion, he claims that his trial attorney provided ineffective assistance of counsel by failing to call his alibi witnesses.
*613 A review of the trial transcript and the defendant's motion reveals that the defendant had listed three alibi witnesses who he claims would have testified that at the time these crimes were committed, the defendant was at the witnesses' home planning a Super Bowl party. At trial, however, the defendant's attorney announced that she only intended to call one of the three listed witnesses, Dianna Robinson, who was waiting outside of the courtroom. The State told the defendant, the defense, and the court that, if the defendant called Ms. Robinson to testify, it would call the other two alibi witnesses: the defendant's mother and his mother's boyfriend. The State informed the court that if Ms. Robinson testified, it intended to call the two uncalled alibi witnesses because their testimony would be "totally opposite." The court indicated that it would give the State a recess in order to bring these two witnesses to court to testify. After discussion with his attorney, the defendant agreed not to call Ms. Robinson and he then testified in his own behalf. None of the alibi witnesses, who were listed by both the State and the defendant, were called by either side.
The record reflects that the failure of defense counsel to call the alibi witnesses was a tactical decision, to which the defendant agreed.
MS. RIBERO-AYALA: I'm not going to put on Dianna Robinson. I'm just putting on my client.
THE COURT: Mr. Brown, do you want the alibi witnesses called? Is there some reason your client[] isn't answering my question?
MS. RIBERO-AYALA: I'm sure he will, Judge.
THE DEFENDANT: No.
MS. RIBERO-AYALA: He said, no.
THE COURT: You don't want the alibi witnesses called?
THE DEFENDANT: No, sir.
Therefore, as the record conclusively refutes the defendant's claim that defense counsel provided ineffective assistance of counsel, we affirm the order denying the defendant's motion for postconviction relief. See Jacobs v. State, 880 So.2d 548, 550 (Fla.2004)(motion for postconviction relief may be denied without an evidentiary hearing if the record conclusively refutes the claim).
Affirmed.