# Third District Court of Appeal

## State of Florida

Opinion filed June 13, 2016.

_____

No. 3D15-2390
Lower Tribunal No. 08-15692

_____

**Reginald Johnson,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Jorge Rodriguez-Chomat, Judge.

Reginald Johnson, in proper person.

Pamela Jo Bondi, Attorney General, and Christina L. Dominguez, Assistant Attorney General, for appellee.

Before SHEPHERD, EMAS and FERNANDEZ, JJ.

PER CURIAM.

## ON MOTION FOR REHEARING

We deny each parties' motion for rehearing, withdraw our previously-issued opinion, and substitute this opinion in its stead.

The defendant, Reginald Johnson, appeals the trial court's summary denial of his motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. Out of the thirteen separate claims Johnson raised in his postconviction motion, we find only one warrants discussion.

In Claim 12, Johnson contended his counsel was ineffective for failing to call three defense witnesses at trial. The trial court summarily denied this claim, concluding that the motion "failed to state with particularity the names and addresses of the witnesses as well as the content of their anticipated testimony and the effects this testimony would have on the verdict." However, a review of the motion indicates that Johnson did, in fact, set forth the names of the witnesses, allege they were available for trial, describe the specific testimony they would have given, and describe the prejudicial impact that testimony would have had if presented at trial, including its contradiction of the state witnesses' testimony. [1]

---

[1] The trial court determined that defendant was required, but failed, to set forth the addresses of the witnesses. However, this is not a requirement for a claim of ineffective assistance of counsel for failure to call a witness at trial. See Smith v. State, 481 So. 2d 988 (5th DCA 1986). See also Jacobs v. State, 880 So. 2d 548 (Fla. 2004) (citing Smith with approval). Such a claim is adequately pleaded if it sufficiently 1) identifies the prospective witness; 2) states that the witness was available to testify at trial; 3) describes the substance of the witness' testimony; and 4) describes the prejudice resulting from the witness' failure to testify. Nelson v. State, 875 So. 2d 579 (Fla. 2004); Flanders v. State, 994 So. 2d 383 (Fla. 3d DCA 2008).

We conclude that Claim 12 was pleaded in a facially sufficient manner. On appeal, the State contends that, even if the allegations of Claim 12 are facially sufficient, and even if those allegations are accepted as true, there is no reasonable probability that the outcome of the proceedings would have been different had these three witnesses testified at the trial.[2] However, the State did not present this argument to the trial court below; its sole argument as to Claim 12 was that it was a facially insufficient claim. The trial court adopted the State's argument and denied Claim 12 on that basis alone.[3]

The trial court summarily denied Claim 12 (as well as the other claims) without attaching "a portion of the files and records that conclusively shows that the defendant is entitled to no relief" on his claim. See Fla. R. Crim. P. 3.850(f)(5). See also Fla. R. App. P. 9.141(b)(2)(D) (providing that on appeal from summary denial, "unless the record shows conclusively that the appellant is entitled to no relief, the order shall be reversed and the cause remanded for an evidentiary hearing or other appropriate relief"). Thus, with respect to Claim 12 only, we reverse and remand for further proceedings consistent with this opinion.

As to the remaining claims raised by Johnson, we affirm the trial court's

---

[2] See Strickland v. Washington, 466 U.S. 668, 687 (1984) (establishing the two-prong test for ineffective assistance of trial counsel).

[3] Because our holding is limited to the determination that Claim 12 was pleaded in a facially sufficient manner, we offer no opinion on the merits of the argument raised by the State for the first time on appeal, and the State is free upon remand to raise this issue for the trial court's consideration and determination.

3

summary denial without discussion.

Affirmed in part, reversed in part and remanded for further proceedings consistent with this opinion.