# Third District Court of Appeal

## State of Florida

Opinion filed October 11, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1188
Lower Tribunal No. F06-37622B

_____

**Sean Condell,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Ellen Sue Venzer, Judge.

Sean Condell, in proper person.

Ashley Moody, Attorney General, for appellee.

Before SCALES, LINDSEY and GORDO, JJ.

PER CURIAM.

Affirmed. See Preston v. State, 970 So. 2d 789, 802 (Fla. 2007) ("We review claims of ineffective assistance of counsel under the standard set forth in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)."); Jones v. State, 845 So. 2d 55, 65 (Fla. 2003) ("To be entitled to an evidentiary hearing on a claim of ineffective assistance, the defendant must allege specific facts that are not conclusively rebutted by the record and which demonstrate a deficiency in performance that prejudiced the defendant."); Lebron v. State, 135 So. 3d 1040, 1054 (Fla. 2014) (holding "counsel cannot be deemed ineffective for failing to file a baseless motion" (citing Johnston v. State, 63 So. 3d 730, 740 (Fla. 2011))); Burkhalter v. State, 279 So. 3d 314, 315 (Fla. 1st DCA 2019) (concluding that a defendant's consent on the record to a decision not to call witnesses thwarted his ineffective assistance of counsel claim); Knight v. State, 211 So. 3d 1, 12 (Fla. 2016) (affirming the denial of defendant's "claim of ineffective assistance of counsel for failing to file a motion to dismiss on double jeopardy grounds" holding "there was no basis for [defendant's] counsel to file a motion to dismiss, and counsel cannot be deemed ineffective for failing to file a baseless motion"); Krawczuk v. State, 92 So. 3d 195, 205 (Fla. 2012) ("Counsel cannot be deemed ineffective for failing to object to the standard instruction."); Freeman v. State, 761 So. 2d 1055, 1063 (Fla. 2000) ("The

court was correct in summarily denying this claim because it is not truly a Brady claim."); Ponticelli v. State, 941 So. 2d 1073, 1105 (Fla. 2006) (explaining "[the claim] remains procedurally barred because it should have been raised on direct appeal"); Franqui v. State, 59 So. 3d 82, 96 (Fla. 2011) ("The defendant bears the burden to establish a prima facie case based on a legally valid claim; mere conclusory allegations are insufficient."); Jacobs v. State, 880 So. 2d 548, 550 (Fla. 2004) ("If the record *conclusively* refutes the alleged claim, the claim may be denied.") (emphasis in original); Blanco v. State, 963 So. 2d 173, 178 (Fla. 2007) ("A defendant is entitled to no relief when his postconviction motion claims are legally insufficient, procedurally barred, or otherwise meritless.").