DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MICHAEL E. BEER,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2023-1314

[October 30, 2024]

Appeal of order denying rule 3.850 motion from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Michael Heisey, Judge; L.T. Case No. 562014CF003032A.

Michael Ufferman of Michael Ufferman Law Firm, P.A., Tallahassee, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Rachael Kaiman, Senior Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Michael Beer appeals the summary denial of a Florida Rule of Criminal Procedure 3.850 motion asserting six claims of ineffective assistance of counsel and cumulative error. We affirm without discussion the lower court's denial of claims two, three and five. However, as discussed below, we reverse and remand for further proceedings with respect to claims one, four and six.

*I. Background*

After the death of his two-year-old foster son, T.A., Beer was indicted for first-degree felony murder and aggravated child abuse. The predicate felony for the felony murder charge was aggravated child abuse. At trial, the State theorized that T.A. died from a lacerated liver caused by blunt force trauma imposed by Beer, while the defense theorized that T.A.'s liver was lacerated when hospital staff administered CPR following an asthma attack. Beer was ultimately acquitted of the aggravated child abuse charge and convicted of aggravated manslaughter of a child as a lesser-included

offense of felony murder. Beer filed a direct appeal which was affirmed by our court. *See Beer v. State*, 284 So. 3d 1041 (Fla. 4th DCA 2019) (Table).

Beer subsequently filed an amended rule 3.850 motion raising six claims, three being relevant to this appeal. In claim one, Beer asserted that defense counsel was ineffective by failing to investigate and present defense witnesses at trial relating to whether T.A. had asthma. In claim four, Beer asserted that counsel was ineffective by failing to preserve for appeal the claim that Beer's due process rights were violated when he was convicted of aggravated manslaughter of a child, a crime that was neither a lesser-included offense of first-degree felony murder nor charged in the indictment. Finally, in claim six, Beer alleged he was prejudiced by the cumulative effect of counsel's errors. The lower court denied the claims as refuted by the record.

On appeal, Beer argues the lower court erred in summarily denying each of the three claims. We agree.

## II. Failure to Investigate and Present Witnesses

To state a facially sufficient ineffective assistance claim based on counsel's failure to call a witness, the defendant must (1) identify the witness, (2) specify the content of their testimony, (3) allege that they were available to testify at trial, and (4) sufficiently allege that the failure to call them to testify resulted in prejudice. *McCullough v. State*, 247 So. 3d 6, 7 (Fla. 4th DCA 2018) (citation omitted).

In claim one, Beer asserted that he told defense counsel prior to trial that T.A.'s previous foster parents and pediatrician could confirm that they were aware that T.A. "suffered from severe asthma." Beer further asserted that counsel failed to investigate or present these witnesses, who were available to testify, and told Beer that they were "not necessary at trial and/or could not provide any relevant testimony." Finally, Beer claimed that he was prejudiced by counsel's failure "because had these witnesses been presented, it would have supported [Beer]'s theory that the alleged victim died as a result of his asthma and not as a result of anything that [Beer] did." Beer's claim was facially sufficient.[1]

---

[1] While Beer did not specifically include the foster parents' names in his motion, such a failure is not dispositive. *See Ruiz v. State*, 284 So. 3d 1134, 1136 n.4 (Fla. 3d DCA 2019) ("While it is generally true that the defendant must provide the names of uncalled fact witness, where, as here, the fact witnesses' names are not known to the defendant and the defendant has provided sufficient information from which both the witnesses' names can be learned and the

In denying the claim, the lower court found it was refuted by the record because Beer could not demonstrate prejudice. Specifically, the court reasoned that Beer's former wife and the medical examiner addressed at trial whether T.A. had asthma, thus the proposed testimony would not have changed the outcome. Despite the State's argument on appeal, this conclusion was erroneous.

"A facially sufficient claim that counsel was ineffective in failing to call witnesses generally requires an evidentiary hearing." *Perez v. State*, 128 So. 3d 223, 226 (Fla. 2d DCA 2013) (citing *Jacobs v. State*, 880 So. 2d 548, 555 (Fla. 2004)). "The purpose of the evidentiary hearing is to determine whether trial counsel acted reasonably in not presenting the alleged exculpatory evidence." *Id.* (citing *Jacobs*, 880 So. 2d at 555).

> [A] claim of ineffectiveness in failing to present important exculpatory evidence cannot be resolved on the basis of the mere existence of conflicting evidence in the record. Rather, the record evidence must *conclusively* rebut the claim if the claim is to be resolved without a hearing. For example, if the record demonstrated that these witnesses had actually testified, the claim would obviously be conclusively rebutted.

*Jacobs*, 880 So. 2d at 555.

Here, the lower court relied on record evidence contradicting the proposed witnesses' testimony. Specifically, the court cited to the former wife's and the medical examiner's testimony that T.A. did not have asthma and did not suffer from an asthma attack. The proposed testimony that T.A. suffered from severe asthma directly contradicts this testimony.

As to the lower court's conclusion that Beer cannot demonstrate prejudice, such a determination cannot be made based on the records incorporated into the court's order. Beer's theory of defense was that T.A. suffered from an asthma attack, was brought to the hospital, had CPR conducted on him, and the CPR resulted in the laceration of T.A.'s liver and his subsequent death. The State's theory was that Beer physically abused T.A. causing the lacerated liver, and as such elicited evidence that T.A. did not have asthma and did not suffer from an asthma attack. Accordingly, evidence that T.A. suffered from severe asthma went directly to the heart of Beer's defense and would have impacted the credibility of

---

individuals located, the defendant has satisfied his burden of sufficiently identifying the fact witnesses.") (citations omitted).

the State witnesses' testimony that T.A. did not have asthma and/or was never diagnosed with asthma.

As Beer's claim was facially sufficient and not conclusively refuted by the records incorporated into the lower court's order, that portion of the order denying the ineffective assistance claim is reversed and is remanded for an evidentiary hearing or the attachment of records conclusively refuting it.

### III.  Failure to Preserve Issue as to Lesser-Included Offense

In claim four, Beer alleged counsel was ineffective for failing to preserve for appeal the claim that his due process rights were violated when he was convicted of an offense that was neither charged nor a necessarily lesser-included offense of first-degree felony murder.  In denying the claim, the lower court found that Beer was "properly convicted of manslaughter of a child as a lesser included offense."

On appeal, Beer argues that his claim was facially sufficient and not refuted by the record, and the State concedes that the claim should be remanded for an evidentiary hearing.  We agree and reverse and remand for further proceedings on this claim.

### IV.    Cumulative Error

Finally, because we are reversing and remanding for further proceedings on claims one and four, we do the same for Beer's claim of cumulative error.  *See Robledo v. State*, 359 So. 3d 850, 853 (Fla. 2d DCA 2023) ("Finally, because we reverse with respect to more than one claim of ineffective assistance of trial counsel, the postconviction court must also reconsider Robledo's claim of cumulative error."); *Davidson v. State*, 278 So. 3d 741, 744 (Fla. 5th DCA 2019) ("Because we are reversing and remanding for an evidentiary hearing as to the two claims discussed above, we likewise reverse the summary denial of the cumulative error claim for further consideration.").

*Affirmed in part, reversed in part, and remanded for further proceedings.*

WARNER, LEVINE and ARTAU, JJ., concur.

\*          \*          \*

**Not final until disposition of timely filed motion for rehearing.**

4