CRENSHAW, Judge.
 

 Gerald Hayes appeals the summary denial of his motion for postconviction relief, wherein he raised three grounds of ineffective assistance of counsel pursuant to Florida Rule of Criminal Procedure 3.850. We affirm the postconviction court’s denial of grounds one and three without further discussion. However, we conclude that ground two was facially insufficient, and therefore the postconviction court should have struck the claim with leave to amend pursuant to
 
 Spera v. State,
 
 971 So.2d 754 (Fla.2007), rather than entering a summary denial.
 

 Hayes, who was convicted of sale of cocaine and possession of cocaine, presented a defense of misidentification at trial. He alleged in ground two of his motion that his trial counsel was ineffective for misadvising him not to testify in his own defense. Although Hayes claimed that he was prejudiced by his counsel’s actions, he did not allege what he would have testified to or how his testimony would have affect
 
 *231
 
 ed the result of the proceeding. The post-conviction court summarily denied this claim by citing to portions of the trial transcript in which Hayes stated in a colloquy to the court that he felt it was in his best interest not to testify and that he was satisfied with trial counsel’s help and advice.
 

 The first step in determining whether there was ineffective assistance of counsel where defendant claims he would have testified is to determine whether the defendant voluntarily agreed with counsel not to take the stand. If that is established, then the trial court must answer the separate and second question which is whether counsel’s advice to defendant “even if voluntarily followed, was nevertheless deficient because no reasonable attorney would have discouraged [defendant] from testifying.”
 

 Simon v. State,
 
 47 So.3d 883, 885 (Fla. 3d DCA 2010) (quoting
 
 Lott v. State,
 
 931 So.2d 807, 819 (Fla.2006)).
 

 In
 
 Simon,
 
 the defendant maintained that his counsel misadvised him about testifying at trial and alleged what he would have testified to but for counsel’s misad-vice. The postconviction court summarily denied the defendant’s motion upon finding that the defendant voluntarily chose not to testify. However, the Third District determined that while the colloquy established that the defendant voluntarily agreed with counsel’s recommendation not to take the stand, an evidentiary hearing was still necessary to determine the second question of whether counsel’s advice was deficient.
 
 Id.
 
 at 886. Similarly, although the record is clear in this case that Hayes voluntarily agreed with counsel not to take the stand, the postconviction court failed to address the second question discussed in
 
 Simon
 
 and
 
 Lott.
 
 But unlike in
 
 Simon,
 
 the court did not have the benefit of what Hayes would have said to determine any alleged deficiency. Hence, the second part of Hayes’ claim was facially insufficient and could not be conclusively refuted by the record. Therefore, the postconviction court should have struck the claim with leave to amend pursuant to
 
 Spera,
 
 971 So.2d at 761-62.
 

 Accordingly, we reverse the denial of ground two and remand for the court to strike the claim with leave to amend within a period of time not to exceed thirty days. If Hayes files an amended motion on this ground, “the postconviction court may again summarily deny the claim if it is once again facially insufficient or if the court attaches portions of the record conclusively refuting his allegations.”
 
 Philip v. State,
 
 14 So.3d 1243, 1244 (Fla. 2d DCA 2009).
 

 Affirmed in part, reversed in part, and remanded.
 

 ALTENBERND and WHATLEY, JJ., Concur.