SILBERMAN, Chief Judge.
Armistar Cole seeks review of three orders denying his motion and amended motion for postconviction relief which were filed pursuant to Florida Rule of Criminal Procedure 3.850. Cole raised twelve claims in his motions; the postconviction court summarily denied eleven of these claims and denied the final claim after evidentiary hearing. We affirm the denial of all claims except for claims (l)(d), (2)(a), and 2(e), which were all summarily denied. As to those three claims, we reverse with directions for the postconviction court to afford Cole leave to amend within a reasonable time.
After a jury trial, Cole was convicted of robbery and false imprisonment based on evidence that he robbed a Dollar Store while using a firearm and in the process confined the owner/victim in a store restroom. The State relied primarily on a surveillance recording of the robbery at trial, and Cole raised an identity defense. Cole exercised his right not to testify.
In claim (l)(d), Cole alleged that trial counsel was ineffective for failing to prepare Cole to testify at trial “despite [Cole’s] strong desire to do so and the lack of any other defense witnesses to refute the victim’s testimony.” The postconviction court summarily denied relief on this *995 claim based on Cole’s statement during trial that it was his decision not to testify. However, in light of Cole’s allegations, his statement at trial does not necessarily preclude relief. Cole alleged he did not testify because counsel had not properly prepared him to testify, not because he had been coerced. But Cole has not set forth a facially sufficient claim because he has not alleged prejudice; i.e., what he would have testified to that would have changed the outcome of the proceeding in light of the other evidence against him. See Hayes v. State, 79 So.3d 230, 231 (Fla. 2d DCA 2012). Because Cole’s claim was facially insufficient, the postconviction court should have dismissed the claim with leave for him to amend if he could do so in good faith. See Spera v. State, 971 So.2d 754, 761 (Fla.2007).
In claim (2)(a), Cole alleged that trial counsel was ineffective for failing to impeach the investigating detective and the victim with prior deposition testimony. He claimed that counsel would have created reasonable doubt for the jury if counsel had impeached these witnesses with their prior inconsistent testimony. The postcon-viction court summarily denied relief on this claim based on its finding that trial counsel thoroughly impeached both witnesses. While trial counsel did impeach the victim with prior inconsistent statements, he did not impeach the detective in this manner. Thus the transcript attached to the postconviction court’s order supports the denial of relief only as to the portion of the claim regarding cross-examination of the victim.
While the transcript does not support the court’s finding as to the detective, Cole’s claim is facially insufficient because it does not allege what specific testimony should have been impeached. See Howard v. State, 17 So.3d 774, 776 (Fla. 2d DCA 2009). Because Cole’s claim is facially insufficient, the postconviction court should have dismissed the claim with leave for him to amend if he could do so in good faith. See Spera, 971 So.2d at 761.
In claim (2)(e), Cole alleged that trial counsel was ineffective for failing “to object to the State’s accusatory and inflammatory opening remarks that were not supported anywhere by the evidence.” The postconviction court summarily denied relief on this claim based on its finding that there was no basis for an objection. The postconviction court explained that the trial court had the discretion to control the opening statements which are not evidence but an outline of what the attorney expects to prove.
This statement of the law is correct as far as it goes. However, opening statements may not be abusive and inflammatory. See Conahan v. State, 844 So.2d 629, 638 (Fla.2003). Because the postconviction court did not attach the transcript of opening statements to its order, we cannot ascertain whether the prosecutor’s opening statements were so prejudicial as to warrant relief.
That said, Cole’s claim is facially insufficient because he does not specify which of the prosecutor’s remarks are objectionable. See Baldwin v. State, 978 So.2d 257, 258 (Fla. 2d DCA 2008). Because Cole’s claim was facially insufficient, the postconviction court should have dismissed the claim with leave for him to amend if he could do so in good faith. See Spera, 971 So.2d at 761.
Affirmed in part, reversed in part, and remanded.
CASANUEVA and DAVIS, JJ., Concur.