NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


ARMISTAR COLE,                          )
                                        )
                Appellant,              )
                                        )
v.                                      )    Case No. 2D13-5843
                                        )
STATE OF FLORIDA,                       )
                                        )
                Appellee.               )
_____)

Opinion filed September 12, 2014.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Hillsborough County; Debra K. Behnke,
Judge.

Armistar Cole, pro se.


VILLANTI, Judge.

            Armistar Cole appeals the summary denial of his amended motion for

postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850.

Because the postconviction court failed to attach those portions of the record that

allegedly support its ruling, we reverse and remand for further proceedings.

            This is Cole's second appearance in this court concerning his motion for

postconviction relief.  Cole timely filed his original rule 3.850 motion, raising twelve

grounds for relief. The postconviction court summarily denied eleven of his claims and denied the twelfth after an evidentiary hearing. On appeal, this court affirmed the denial of all of Cole's claims except claims (1)(d) and (2)(e) and a portion of claim (2)(a), each of which had been summarily denied as facially insufficient. Cole v. State, 89 So. 3d 993, 994 (Fla. 2d DCA 2012). As to claims (1)(d), (2)(e), and the portion of claim (2)(a) dealing with the impeachment of the lead detective, we reversed and remanded for the postconviction court to afford Cole leave to amend if he could do so. Id.

On remand, Cole waived further argument as to claims (1)(d) and (2)(e). Thus, his amended motion addressed only the portion of claim (2)(a) in which he alleged that counsel was ineffective for failing to properly cross-examine the lead detective with his prior deposition testimony concerning alleged deficiencies in his investigation. These amended allegations addressed the pleading deficiencies this court had identified in its prior opinion. Id. at 995.

The postconviction court subsequently denied Cole's amended claim (2)(a), finding that the evidence presented at trial, including "the victim's identification of Defendant as the perpetrator of the crime, the brutal surveillance video of the robbery, and the recorded jail calls from Defendant to his wife advising her to get rid of a DVD player," conclusively refuted Cole's allegations. However, the postconviction court failed to attach those portions of the trial record that allegedly supported this conclusion. Hence, the postconviction court's order is legally deficient. See Fla. R. Crim. P. 3.850(f)(5) ("If the denial is based on the records in the case, a copy of that portion of the files and records that conclusively shows that the defendant is entitled to no relief shall be attached to the final order.") Accordingly, we must reverse the order denying

Cole's amended claim (2)(a) and remand for the postconviction court to provide those attachments that support its ruling.

Affirmed in part; reversed in part; remanded with directions.

CASANUEVA and WALLACE, JJ., Concur.