# Third District Court of Appeal

## State of Florida

Opinion filed September 9, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-2057
Lower Tribunal No. 09-41079-A
_____

**Willie Williams,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Eric William Hendon, Judge.

Willie Williams, in proper person.

Pamela Jo Bondi, Attorney General, and Keri T. Joseph, Assistant Attorney General, for appellee.

Before SHEPHERD, EMAS and SCALES, JJ.

EMAS, J.

Willie Williams appeals the trial court's order summarily denying his motion for postconviction relief, filed pursuant to Florida Rule of Criminal Procedure 3.850. In his motion, Williams raised seven claims. We affirm the trial court's summary denial of six of those claims, but find that one claim (listed as claim Five) should have been stricken (rather than denied on the merits), giving Williams an opportunity to amend to state a legally sufficient claim.

Williams was charged with burglary, grand theft, possession of burglary tools, and criminal mischief. The case proceeded to trial and Williams was convicted on all counts and sentenced to fifteen years in prison. His judgments and sentences were affirmed on direct appeal. See Williams v. State, 103 So. 3d 169 (Fla. 3d DCA 2012).

Williams filed a timely motion seeking postconviction relief. Among the claims raised, Williams asserted that his trial counsel provided ineffective assistance by affirmatively misadvising Williams about whether he should testify in his own defense. Williams averred in his motion that trial counsel advised him not to testify, and further advised Williams that if he chose to testify "the jury would learn of the nature of the type of offenses that he was previously convicted of. . . ." (Emphasis added.)

The trial court summarily denied this claim, stating in its order: "More often than not, defense counsel will advise clients not to testify. This is a reasonable

2

strategy that is not outside the range of a 'reasonably competent counsel.' <u>Stevens v. State</u>, 552 So. 2d 1082 (Fla. 1989).  A strategic or tactical decision by counsel will not be second-guessed.  <u>Buford v. State</u>, 492 So. 2d 355 (Fla. 1986)."

While this statement in the trial court's order is correct as stated, it fails to focus on or adjudicate the central aspect of the present claim: Williams was not asserting ineffective assistance of counsel because trial counsel advised him not to testify.  Rather, Williams asserted that trial counsel affirmatively misadvised Williams that, if he took the stand, the jury would learn not only that he had prior convictions, but the jury would also learn the <u>nature</u> of those prior convictions. The question is whether this affirmative misadvice (if true) constitutes deficient performance and, if so, whether such deficient performance resulted in prejudice. In a motion seeking postconviction relief, a finding of "prejudice" requires Williams to establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Strickland v. Washington</u>, 466 U.S. 668, 694 (1984).  A reasonable probability "is a probability sufficient to undermine confidence in the outcome" of the proceeding.  <u>Id.</u> Williams avers that, had counsel properly advised him of the limited nature of impeachment by prior conviction, Williams would have testified in his own defense.

The State correctly argues that Williams' motion was legally insufficient, as it fails to include a listing of Williams' prior convictions. This is significant only to the extent that Williams' prior record may involve "crimes of dishonesty or false statement." See § 90.610(1), Fla. Stat. (providing that "[a] party may attack the credibility of any witness, including an accused, by evidence that the witness has been convicted of a crime if the crime was punishable by death or imprisonment in excess of 1 year under the law under which the witness was convicted, or if the crime involved dishonesty or a false statement regardless of the punishment"). In other words, to the extent that Williams' prior record included crimes involving dishonesty or false statement, the nature of these convictions would have been admissible under section 90.610 if Williams chose to testify at trial. See, e.g., Blasco v. State, 419 So. 2d 807 (Fla. 3d DCA 1982) (holding that a witness may properly be impeached under section 90.610 by being asked: "Have you ever been convicted of a crime involving dishonesty or false statement?"). Under these circumstances, counsel's advice to Williams would have been legally correct and not deficient. Because Williams failed to provide the trial court with a description of his impeachable convictions, the motion was legally insufficient to establish deficient performance under Strickland.

Williams' motion was also legally insufficient to establish the prejudice prong of Strickland. Williams averred that, but for counsel's alleged misadvice, he

would have testified at the trial. However, this is insufficient to establish the requisite prejudice. Williams was required to set forth in his motion what his testimony would have been, and how that testimony would have created a reasonable probability of a different outcome. See Cole v. State, 89 So. 3d 993 (Fla. 2012). Williams' failure to include such averments in his motion renders it legally insufficient.

Given the legal insufficiency of this claim, the trial court should not have denied it on the merits.[1] Instead, the trial court should have permitted Williams an opportunity to amend his motion to state a legally sufficient claim. See rule 3.850(f) (providing that where a defendant's timely motion contains a legally insufficient claim, the court shall enter a nonfinal, nonappealable order allowing the defendant 60 days to amend the motion to state a legally sufficient claim). See also Spera v. State, 971 So. 2d 754 (Fla. 2007) (holding that, when a defendant's initial rule 3.850 motion for postconviction relief is legally insufficient, the proper procedure is to strike the motion with leave to amend within a reasonable period).

Thereafter, if Williams: failed to timely amend the claim; amended the claim but it remained legally insufficient; or amended to state a legally sufficient claim that was conclusively refuted by the record, the trial court could deny all seven claims for relief in a single, final, appealable order. See In re Amendments

---

[1] The trial court properly denied the remaining six claims raised in Williams' motion.

5

to Florida Rules of Criminal Procedure and Florida Rules of Appellate Procedure, 132 So. 3d 734, 738 (Fla. 2013) (observing that the amendments to rule 3.850(f) further "the ultimate goal of allowing the trial court to adjudicate the merits of all sufficiently pleaded postconviction claims in a single postconviction proceeding, with a single final appealable order.")

We therefore affirm the trial court's order insofar as it denied claims One, Two, Three, Four, Six and Seven of Williams' motion. We reverse and remand the trial court's order as to claim Five only, and direct the trial court to enter an order permitting Williams 60 days within which to file an amended motion to state a legally sufficient claim for relief.

Affirmed in part, reversed in part, and remanded with directions.