# Third District Court of Appeal

## State of Florida

Opinion filed April 27, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-162
Lower Tribunal No. 08-44050A

_____

**Enel Charles,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Ellen Sue Venzer, Judge.

Enel Charles, in proper person.

Pamela Jo Bondi, Attorney General, for appellee.

Before EMAS, LOGUE and SCALES, JJ.

EMAS, J.

Enel Charles appeals the trial court's summary denial of his motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. We affirm that portion of the trial court's order summarily denying claims One, Three, Four, Five and Six of Charles' motion for postconviction relief. However, and for the reasons that follow, we reverse the trial court's order insofar as it summarily denied relief on claim Two, which alleged that trial counsel failed to investigate and present alibi witnesses at Charles' trial.

The trial court's summary denial of claim Two was based upon the facial insufficiency of the claim. The trial court stated in its order:

> Claim II is denied as legally insufficient because it is merely conclusory. See Armstrong v. State, 862 So. 2d 705, 712 (Fla. 2003) (finding that a mere conclusory allegation of prejudice was legally insufficient). The Florida Supreme Court has ruled that in a Rule 3.850 alibi claim the defendant has at a minimum to "specifically identify the alibi witnesses, state the substance of their exculpatory evidence and averred that they were known to counsel." Jacobs v. State, 880 So. 2d 548, 553 (Fla. 2004). Here the defendant does not meet any of the Jacobs requirements.

Having determined that the claim was facially insufficient, the trial court erroneously denied the claim on its merits. To the extent that a postconviction claim is conclusory or otherwise facially insufficient, the trial court should not deny the claim on its merits, but instead should enter a nonfinal order that provides the defendant the opportunity to amend the motion to state a legally sufficient claim for relief. See Fla. R. Crim. P. 3.850(f)(2) (providing that "[i]f the motion is

insufficient on its face, and the motion is timely filed under this rule, the court shall enter a nonfinal, nonappealable order allowing the defendant 60 days to amend the motion. If the amended motion is still insufficient or if the defendant fails to file an amended motion within the time allowed for such amendment, the court, in its discretion, may permit the defendant an additional opportunity to amend the motion or may enter a final, appealable order summarily denying the motion with prejudice"); Spera v. State, 971 So. 2d 754 (Fla. 2007). Charles' motion failed to sufficiently identify the two alibi witnesses, describing them only by their first names. This was facially insufficient and the court order, instead of denying the claim on the merits, should have issued an order that provided Charles an opportunity to amend this claim.

Second, and relatedly, the trial court found not only that the motion failed to specifically identify the alibi witnesses, but that the motion also failed to satisfy the other two requirements of Jacobs (i.e., that the motion state the substance of the witnesses' exculpatory evidence and aver that these witnesses were known to counsel). Contrary to the trial court's findings, however, a review of claim Two reveals that it sets forth in considerable detail (covering four typewritten pages) the precise substance of what these two alibi witnesses would have testified to had they been called as witnesses at trial, and how that testimony would have affected the outcome of the trial.[1] Further, the motion specifically alleges that defendant

2

advised his counsel about the existence of these two alibi witnesses and advised counsel how he could contact them. Defendant alleges he requested counsel to investigate and locate these witnesses so they could testify at trial to establish that defendant was with them (and was not at the scene of the crimes) when the crimes were committed. Given that this was a summary denial, we must accept as true the well-pleaded allegations of the motion to the extent they are not conclusively refuted by the record. Fla. R. App. P. 9.141(b)(2)(D); Occhicone v. State, 768 So. 2d 1037 (Fla. 2000).

We therefore affirm the trial court's summary denial of claims One, Three, Four, Five and Six, but reverse and remand on claim Two, with directions that the trial court enter an order granting defendant sixty days to amend claim Two to state a facially sufficient claim, and for further proceedings as may be appropriate.

---

[1] Because the order of denial was based on the facial insufficiency of claim Two, the trial court did not determine whether, accepting the allegations of the as true, defendant satisfied the two-pronged test for ineffective assistance of counsel as established in Strickland v. Washington, 466 U.S. 668 (1984).