# Third District Court of Appeal

**State of Florida**

Opinion filed November 30, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-560
Lower Tribunal No. 14-26408
_____

**Christian Jhoel Perez Nunez,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Cristina Miranda, Judge.

Michelle R. Walsh, for appellant.

Pamela Jo Bondi, Attorney General, and Magaly Rodriguez, Assistant Attorney General, for appellee.

Before SALTER, EMAS and FERNANDEZ, JJ.

EMAS, J.

Appellant seeks review of an order summarily denying his motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. However, because the motion filed with the trial court was insufficient on its face,[1] the trial court should not have summarily denied the motion, but instead was required to "enter a nonfinal, nonappealable order allowing the defendant 60 days to amend the motion." Fla. R. Crim. P. 3.850(f)(2). See also Charles v. State, 193 So. 3d 46, 47 (Fla. 3d DCA 2016).

We therefore reverse and remand with directions that the trial court enter a nonfinal, nonappealable order permitting appellant sixty days within which to file an amended motion that is sufficient on its face, and for further proceedings as may be appropriate. If the amended motion is still insufficient on its face, or if appellant fails to timely file such an amended motion, the court in its discretion may permit appellant an additional opportunity to amend, or may enter a final, appealable order summarily denying the motion with prejudice. Id.

Reversed and remanded.

---

[1] Appellant's motion sought to withdraw his previously-entered plea (and sentence), premised upon allegations of an equivocal deportation warning by the trial court and ineffective assistance of trial counsel. See Padilla v. Kentucky, 559 U.S. 356 (2010); Hernandez v. State, 124 So. 3d 757 (Fla. 2012). However, appellant's motion failed to allege that, but for trial counsel's errors, he would not have pleaded guilty but instead would have maintained his plea of not guilty and insisted on going to trial. See Hill v. Lockhart, 474 U.S. 52 (1985); Hernandez, 124 So. 3d at 762.

2