# Third District Court of Appeal

## State of Florida

Opinion filed July 25, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D18-1070
Lower Tribunal No. 13-2287B
_____

**Dedrick Brown,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Jose L. Fernandez, Judge.

Dedrick Brown, in proper person.

Pamela Jo Bondi, Attorney General, for appellee.

Before SALTER, EMAS, and LOGUE, JJ.

PER CURIAM.

In this appeal of a summary denial of a motion for postconviction relief filed under Florida Rule of Criminal Procedure 3.850, we affirm the trial court's finding

that the defendant's claims are either procedurally barred or otherwise not cognizable on a 3.850 motion, except for the defendant's claim D.

The defendant's claim D alleged in very general terms a series of actions by his counsel that the movant contends establishes ineffective assistance. The trial court correctly noted that these "generalized allegations" were legally insufficient to state a claim of ineffective assistance and that the defendant further failed to allege how counsel's performance caused the requisite "prejudice." Having found this claim insufficient on its face, however, the trial court was bound pursuant to rule 3.850(f)(2) and Spera v. State, 971 So. 2d 754 (Fla. 2007) to permit the movant an opportunity to amend within 60 days to state a legally sufficient claim. See, e.g., Charles v. State, 193 So. 3d 46 (Fla. 3d DCA 2016); Williams v. State, 175 So. 3d 349 (Fla. 3d DCA 2015); and Marckson v. State, 151 So. 3d 44 (Fla. 3d DCA 2014).

Affirmed in part and reversed in part.