DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT
_____

CHAZ EZEKIEL BYNUM,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

No. 2D23-1144
_____

January 12, 2024

Appeal pursuant to Fla. R. App. P. 9.141(b)(2) from the Circuit Court for Pinellas County; Philippe Matthey, Judge.

PER CURIAM.

Chaz Bynum appeals the order summarily denying his amended motion for postconviction relief, filed pursuant to Florida Rule of Criminal Procedure 3.850, which raises four grounds for relief. We affirm the denial of grounds two, three, and four without further comment. Because ground one is facially sufficient and not refuted by the record, we reverse and remand for further proceedings.

The State charged Bynum with one count of second-degree murder for a shooting that occurred in 2017. A jury convicted him of the lesser-included offense of manslaughter, and the trial court sentenced him to twenty-five years' imprisonment. We affirmed Bynum's judgment and sentence on direct appeal. *Bynum v. State*, 308 So. 3d 588 (Fla. 2d DCA

2020) (table decision). He timely filed the instant motion for postconviction relief, which the postconviction court summarily denied.

"When reviewing the summary denial of a motion for postconviction relief, this court applies de novo review and 'must accept the movant's factual allegations as true to the extent that they are not refuted by the record.' " *Martin v. State*, 205 So. 3d 811, 812 (Fla. 2d DCA 2016) (quoting *Jennings v. State*, 123 So. 3d 1101, 1121 (Fla. 2013)). "[A] defendant is entitled to an evidentiary hearing on a postconviction relief motion unless (1) the motion, files, and records in the case conclusively show that the prisoner is entitled to no relief, or (2) the motion or a particular claim is legally insufficient." *Freeman v. State*, 761 So. 2d 1055, 1061 (Fla. 2000); *see also* Fla. R. Crim. P. 3.850(f). To plead a facially sufficient claim for ineffective assistance of counsel, a defendant must plead sufficient facts to establish that his counsel's performance was deficient and that he was prejudiced by such deficiency. *See Martin*, 205 So. 3d at 812 (citing *Strickland v. Washington*, 466 U.S. 668, 694 (1984)).

In ground one of his motion, Bynum alleges that his counsel erroneously advised him not to testify at trial. He asserts that but for counsel's unreasonable advice, he would have testified that he was present in the car at the time of the shooting but was not the shooter. He alleges that his defense at trial was that he is innocent, but the jury never heard him deny the charge. The postconviction court summarily denied the claim, finding that Bynum had voluntarily agreed not to testify and that his allegation that he was present for the murder but was not the person who shot the victim was "conclusory." The court also found that the record conclusively refuted Bynum's allegation of prejudice in light of the inculpatory evidence of his guilt.

"When a defendant asserts that his counsel was ineffective for interfering with his right to testify, there are two separate questions for the postconviction court to consider. The first is whether the defendant voluntarily agreed with counsel not to testify in his own defense." *Roberts v. State*, 307 So. 3d 808, 811 (Fla. 2d DCA 2018) (citing *Hayes v. State*, 79 So. 3d 230, 231 (Fla. 2d DCA 2012)). Bynum concedes that he voluntarily agreed not to testify.

However, even if the defendant voluntarily agreed not to testify, "the postconviction court must also consider whether counsel's advice to the defendant was deficient 'because no reasonable attorney would have discouraged' the defendant from testifying." *Id.* (quoting *Lott v. State*, 931 So. 2d 807, 819 (Fla. 2006)).

Here, the limited record before us demonstrates that the evidence against Bynum comprised his fingerprints on the backdoor handle of the car, his cell phone located in the backseat of the car, and two eyewitnesses who testified that they saw Bynum shoot the victim. Bynum's proposed testimony would have explained the presence of his fingerprints and his cell phone and rebutted the eyewitnesses' testimony. As such, the record does not refute Bynum's allegation that counsel's advice not to testify was unreasonable. *See id.* (holding that the record did not refute the defendant's allegation that counsel's advice was unreasonable because the jury may have "credited" the defendant's testimony favorably and the "testimony could have made a difference"); *cf. Coley v. State*, 74 So. 3d 184, 185 (Fla. 2d DCA 2011) (acknowledging that when a witness' proposed testimony conflicts with that of other testimony adduced at trial, "such conflict is necessarily an evidentiary matter that must be weighed after a hearing and is not proper grounds for denial at the summary stage of the proceeding").

Similarly, we are unable to determine that the record refutes Bynum's allegation of prejudice. If Bynum had testified, the jury may have found him more credible than the witnesses who implicated him in the shooting.[1] Accordingly, we cannot say that the record refutes Bynum's claim that, if he had testified, there is a reasonable probability that the outcome of the proceeding would have been different. *See Roberts*, 307 So. 3d at 812 ("The facially sufficient allegations of the motion depict a case that hinged on the jury believing the victim and the *Williams* rule witness, whose testimony could have been undermined with credible testimony from Mr. Roberts. This demonstrates a nonspeculative possibility—depending on the real facts—that Mr. Roberts was prejudiced by deciding not to testify, and the record attachments to the trial court's order do not show otherwise."); *see also Kelly v. State*, 198 So. 3d 1077, 1079 (Fla. 5th DCA 2016) ("The lower court did not explain how it could accurately predict what impact admissible, but unpresented, evidence might have on the jury's decision."). Therefore, we reverse and remand for the postconviction court to either attach records that conclusively refute Bynum's claim in ground one or to hold an evidentiary hearing.

Affirmed in part, reversed in part, and remanded.

VILLANTI, LaROSE, and ROTHSTEIN-YOUAKIM, JJ., Concur.

_____

Opinion subject to revision prior to official publication.

_____

[1] The record establishes that one of those witnesses was impeached with her initial inability to identify Bynum in a police photo pack.