# Third District Court of Appeal

## State of Florida

Opinion filed September 17, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-2187
Lower Tribunal Nos. F23-20300, F23-20301, F23-20351

_____

## Maximiliano Rey Valhuerdi,

Appellant,

vs.

## State of Florida,

Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Cristina Miranda, Judge.

Maximiliano Rey Valhuerdi, in proper person.

James Uthmeier, Attorney General, and David Llanes, Assistant Attorney General, for appellee.

Before MILLER, GORDO and GOODEN, JJ.

PER CURIAM.

Appellant Maximiliano Rey Valhuerdi appeals the trial court's summary denial of his motion for post-conviction relief timely filed under Florida Rule of Criminal Procedure 3.850. The trial court found the motion insufficient—without providing Valhuerdi the opportunity to amend. In doing so, it erred. See Fla. R. Crim. P. 3.850(f)(2) ("If the motion is insufficient on its face, and the motion is timely filed under this rule, the court shall enter a nonfinal, nonappealable order allowing the defendant 60 days to amend the motion."); Spera v. State, 971 So. 2d 754, 761 (Fla. 2007) ("[W]hen a defendant's initial rule 3.850 motion for postconviction relief is determined to be legally insufficient for failure to meet either the rule's or other pleading requirements, the trial court abuses its discretion when it fails to allow the defendant at least one opportunity to amend the motion."); Gonzalez v. State, 329 So. 3d 263, 263 (Fla. 3d DCA 2021) ("A trial court abuses its discretion when it summarily denies a timely 3.850 motion, without permitting amendment."); Charles v. State, 193 So. 3d 46, 47 (Fla. 3d DCA 2016) ("To the extent that a postconviction claim is conclusory or otherwise facially insufficient, the trial court should not deny the claim on its merits, but instead should enter a nonfinal order that provides the defendant the opportunity to amend the motion to state a legally sufficient claim for relief."); Marckson v. State, 151 So. 3d 44, 44 (Fla. 3d DCA 2014) ("Although we agree with the trial court's

determination that the motion was legally insufficient, we reverse and remand because, rather than entering a final order denying the motion on its merits, the trial court should have entered a non-final, non-appealable order dismissing the motion with leave to amend within sixty days.").

Accordingly, we reverse and remand for the trial court to provide Valhuerdi with the opportunity to amend his motion to assert legally sufficient claims.

Reversed and remanded with instructions.