# Third District Court of Appeal

## State of Florida

Opinion filed April 15, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-0934
Lower Tribunal No. F11-32111
_____

**Craig Steven Mosby,**
Appellant,

vs.

**State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Marisa Tinkler Mendez, Judge.

The Sichta Firm, LLC, and Richard A. Sichta, and Susanne Kaye Sichta, for appellant.

James Uthmeier, Attorney General, and Lourdes B. Fernandez, Assistant Attorney General, for appellee.

Before FERNANDEZ, MILLER and GOODEN, JJ.

GOODEN, J.

In 2015, Appellant Craig Mosby was convicted of second degree murder for a shooting outside of a nightclub. Mosby's defense was misidentification. On direct appeal, we affirmed his conviction and sentence. Mosby v. State, 246 So. 3d 1242 (Fla. 3d DCA 2018). We later affirmed the denial of his first Rule 3.850 motion. Mosby v. State, 336 So. 3d 1192 (Fla. 3d DCA 2021).

In 2024, Mosby filed a Rule 3.850 motion based on newly discovered evidence. To support his claim, he provided an affidavit from eyewitness, William Addison. Addison identified a different individual as the actual shooter. But his motion did not allege that Mosby or his counsel could not have known of this eyewitness' account of the events at the time of trial using due diligence. Fla. R. Crim. P. 3.850(b)(1). So the trial court summarily denied the motion—without providing Mosby the opportunity to amend.

The State concedes this was error. See Fla. R. Crim. P. 3.850(h)(2); Spera v. State, 971 So. 2d 754, 761 (Fla. 2007). See also Gonzalez v. State, 329 So. 3d 263, 263 (Fla. 3d DCA 2021) ("A trial court abuses its discretion when it summarily denies a timely 3.850 motion, without permitting amendment."); Charles v. State, 193 So. 3d 46, 47 (Fla. 3d DCA 2016) ("To the extent that a postconviction claim is conclusory or otherwise facially insufficient, the trial court should not deny the claim on its merits, but instead

2

should enter a nonfinal order that provides the defendant the opportunity to amend the motion to state a legally sufficient claim for relief.").

Accordingly, we reverse and remand for the trial court to provide Mosby with the opportunity to amend his motion to assert legally sufficient claims.  See Himes v. State, 310 So. 3d 542, 545 (Fla. 1st DCA 2021); Slade v. State, 10 So. 3d 1205 (Fla. 4th DCA 2009).

Reversed and remanded with instructions.